

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
THE PROCTER & GAMBLE COMPANY,    08 Civ. 01532
:
               Plaintiff,    **<u>Answer and Counterclaims</u>**
:
:
     - against -    **Jury Demanded on**
:    **All Issues So Triable**
:
PLAYTEX PRODUCTS, INC.,    :
:
               Defendant.    :
:    Electronically filed
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Playtex Products, Inc. ("Playtex"), by its attorneys Davis Polk &

Wardwell, for its answer and counterclaims against Plaintiff Procter & Gamble Company

("P&G") alleges as follows:

<u>**INTRODUCTION**</u>

1.    Admitted that P&G seeks the claimed relief, but denied that its Complaint

properly states a claim for relief.

2.    Admitted

3.    Admitted.

4.    Denied.

5.    Admitted that, if the Court properly has jurisdiction over a ripe claim, then

venue is properly laid in this district.  Otherwise denied.

6.    Admitted.

7.  Admitted.

8.  Admitted.

9.  Admitted.

10.  The first sentence of paragraph 10 is denied.  Playtex admits that P&G purported to launch a new version of Pearl in 2006.

11.  The first sentence of paragraph 11 is admitted, except expressly denied that any product other than the Gentle Glide product that was the subject of the May 2003 Injunction Order ("Old Gentle Glide") was the subject of comparative testing against the New Pearl.  The remainder of the paragraph is denied.

12.  Admitted, except expressly denied that any product other than the Old Gentle Glide was "compared" to the New Pearl at the hearing.

13.  Denied, except admitted that Playtex informed P&G that a new version of Gentle Glide ("New Gentle Glide") would be reaching the market at or about the time of the scheduled hearing.  Denied that P&G asked Playtex about "its position concerning the impact of that supposed new version on the then-upcoming hearing."  Rather, P&G asked two questions relating to the Injunction Order:  (1) whether New Gentle Glide was "materially changed" and (2) whether consumer testing performed on Old Gentle Glide was no longer relevant (Ex. A).

14.  Admitted that the June 1, 2007 letter contains the cited statements, but denied that P&G's allegations accurately represent the letter or Playtex's stated positions.

Specifically, Playtex was responding to the two questions posed by P&G's counsel on May 18. Consistent with its position at the June 2007 hearing, Playtex then contended that neither New Pearl nor New Gentle Glide were materially changed. As to the second question posed by P&G's counsel regarding testing, the letter stated:

> As to the comparative testing between New Pearl and Gentle Glide, it is Playtex's position that a newly fielded test between New Pearl and New Gentle Glide may yield different results from the existing tests between New Pearl and Old Gentle Glide. We are simply not in a position to know *a priori*. **Therefore, Playtex will not stipulate that the results will be the same.** (emphasis added)

15.     Denied. By way of further pleading, counsel for P&G represented to counsel for Playtex that P&G did not seek to retest New Pearl against New Gentle Glide because it wanted to go forward with the scheduled June 19 hearing and that, because it was not possible to test before that hearing, it reserved its rights to seek additional relief from the Injunction Order "based on new Gentle Glide" (Ex. B).

16.     Admitted that the Court partially granted P&G's motion. Otherwise denied. The Memorandum Opinion and Order speaks for itself.

17.     Admitted that the Court's Memorandum Opinion and Order contains the cited sentences. Otherwise denied.

18.     Admitted that the General Counsel of ENR wrote to P&G's inside counsel. The letter speaks for itself. The remaining allegations of paragraph 18 are denied.

19.     Admitted that the General Counsel of ENR wrote to P&G's inside counsel. The letter speaks for itself. The remaining allegations of paragraph 19 are denied.

20.     The first sentence of paragraph 20 is admitted.  The remaining allegations of paragraph 20 are denied.  By way of further pleading, Playtex alleges that P&G's allegations that testing was "conducted well before the Court's decision" and that Playtex "never brought to the Court's attention the existence of a supposedly altered version of the product" are false.  In fact, in its Pre-Hearing Memorandum to the Court Playtex stated the following:

> At the pre-motion conference, we informed the Court that Playtex itself may be introducing a new Gentle Glide product ("New Gentle Glide").  Playtex has in fact elected to do so and has informed P&G.  It is Playtex's position that New Gentle Glide is not a "materially changed" product under the Injunction Order despite being an improved product.  Playtex invited P&G to postpone the June 19 hearing if it wished to test New Gentle Glide, but to date P&G has persisted in going forward.  Playtex also informed P&G that, if it wished to go forward on New Pearl alone, it would be Playtex's position that P&G is barred from seeking additional relief from the Injunction Order on the grounds that New Gentle Glide is a "materially changed" product.  On June 6, 2007 P&G declined Playtex's invitation to postpone the hearing.

Thus, Playtex informed the Court **at least twice** of New Gentle Glide, and specifically stated to both P&G and the Court that New Gentle Glide was "an improved product."  There was simply no basis for P&G to conclude either that New Gentle Glide would perform similarly to Old Gentle Glide, or that Playtex has conceded as much.  At all times Playtex was prepared to postpone the hearing to allow P&G to test New Gentle Glide in any manner it saw fit.

21.     Denied.

22.     Playtex admits that P&G is seeking by its Complaint a declaration of rights, but denies it does so properly.  The remaining allegations of paragraph 22 are denied, and by way of further pleading are false and frivolous.

23.    Paragraph 23 states legal contentions to which no responsive pleading is required.  If an answer is deemed required, the allegations in this paragraph are denied.

24.    Playtex repeats and re-alleges the responses contained in paragraphs 1 through 23 of this answer.

25-29.  Denied.

## DEFENSES

### FIRST DEFENSE

1.    The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2.    The Complaint fails to state a case or controversy.

### THIRD DEFENSE

3.    The Complaint fails to state a claim that is ripe for judicial determination.

### FOURTH DEFENSE

4.    P&G is not entitled to any equitable relief under the doctrine of unclean hands.

### FIFTH DEFENSE

5.    P&G's claims regarding New Gentle Glide are barred by estoppel and waiver.

## COUNTERCLAIMS

For its Counterclaims herein, Playtex alleges, upon personal knowledge as to its own actions and upon information and belief as to the actions of counterclaim defendant P&G as follows:

### JURISDICTION

1.    These Counterclaims are for willful false advertising under § 43(a) of the Lanham Act and for willful patent infringement.

- 5 -

2.      These Counterclaims arise under the Patent Laws of the United States, 35 U.S.C. § 1 et. seq. and under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3.      Playtex is a Delaware corporation with its headquarters in Westport, CT.

4.      P&G is an Ohio corporation with its headquarters in Cincinnati, Ohio.

5.      The Court has subject matter jurisdiction over the Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1125(a).

6.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## COUNTERCLAIM I

7.      Playtex and P&G are the two principal competitors in the plastic tampon segment.

8.      Beginning on or about March 2008, P&G began airing television ads claiming that its Pearl plastic tampon "protects even better than the next leading brand."

9.      Playtex's New Gentle Glide is the "next leading brand."

10.     As alleged in its Complaint in this action, P&G has no *in vivo* comparative testing supporting a claim that Pearl protects better than Playtex's New Gentle Glide.

11.     Playtex has *in vivo* testing establishing that Pearl and New Gentle Glide are at parity for protection.

12.    Accordingly, P&G's ads are false and misleading and will cause Playtex immediate and irreparable harm unless enjoined.

13.    P&G has willfully disseminated its false claims.

## COUNTERCLAIM II

14.    Playtex owns U.S. Patent 6,890,324 (the "'324 patent," Ex. C), entitled "Tampon Applicator," which was duly issued to Playtex on May 10, 2005.  Playtex has the right to bring actions for infringement of the '324 patent and to obtain equitable relief and recover damages for that infringement.

15.    P&G is neither licensed under the '324 patent nor otherwise authorized to use in the United States the invention claimed in the '324 patent.

16.    P&G has, prior to commencement of this action, directly infringed and continues to directly infringe the '324 patent by making, importing, using, offering for sale and selling its line of Pearl plastic tampons within the United States and this judicial district.

17.    P&G has and continues to contribute to, and induce, the infringement of the '324 patent by making, importing, using, offering for sale, and selling its line of Pearl plastic tampons within the United States and this judicial district.

18.    P&G has been on actual notice that its line of Pearl plastic tampons infringe the '324 patent since at least October 9, 2006.

19.    P&G has been on constructive notice of the '324 patent since the patent's issuance on May 10, 2005.

20.     Playtex has been damaged by P&G's infringement of the '324 patent, and has been and continues to be irreparably harmed by P&G's infringement.

21.     P&G's infringement of the '324 patent is knowing and willful.

### PRAYER FOR RELIEF

WHEREFORE, Playtex requests that this Court enter judgment holding:

(a)     that the Complaint be dismissed in its entirety with prejudice;

(b)     that P&G has infringed the '324 patent and that such infringement has been willful;

(c)     that P&G's advertising is false and misleading under the Lanham Act and that such false statements are willful;

(d)     that P&G be preliminarily and permanently enjoined from infringing the '324 patent and from making false claims about its Pearl tampons.

(e)     that Playtex be awarded damages, including pre- and post-judgment interest, adequate to compensate Playtex for P&G's willful patent infringement and willful false advertising;

(f)     that such patent damages be trebled as a result of P&G's willful infringement;

(g)     that the case be judged exceptional and that Playtex be awarded fees and expenses; and

(h)     awarding Playtex such further relief as the Court deems just.

**JURY DEMAND**

Playtex demands trial by jury on all issues raised in its Counterclaims.

Dated:  March 12, 2008                    DAVIS POLK & WARDWELL


By:   s/ Matthew B. Lehr
        Matthew B. Lehr (ML-9982)

Benjamin R. Allee
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile:  (212) 450-3800

– and –

Anthony Fenwick (*pro hac vice*)
Veronica Abreu (*pro hac vice*)
1600 El Camino Real
Menlo Park, California  94025
Telephone: (650) 752-2000
Facsimile:  (650) 752-2111

Attorneys for Defendant Playtex Products,
Inc.

# Exhibit A

**From:** Weinberger, Harold P. [mailto:hweinberger@KRAMERLEVIN.com]
**Sent:** Friday, May 18, 2007 1:26 PM
**To:** Lehr, Matthew B.
**Cc:** steinmanis.ks@pg.com; Wagner, Jonathan M.
**Subject:** Playtex product change

Matt

    Thanks for promptly advising me of Playtex's decision. I will await your advice as to how soon you will be able to provide us the product in quantities requested in my e mail of yesterday. I would also like to know how soon the product will be on the shelves and how it will be characterized in Playtex's advertising and promotion. Finally you will need to tell me in writing what Playtex's position is going to be as to whether this a a materially changed version of Gentle Glide (as your prior advice on this has been informal) and whether you are going to contend that the testing done on the current version of Gentl Glide is no longer relevant to this product.

        Harold


Harold P. Weinberger

Partner
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: 212-715-9132
Fax: 212-715-8132
Email: hweinberger@KRAMERLEVIN.com
http://www.kramerlevin.com


This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.


3/11/2008

# Exhibit B

# KRAMER LEVIN NAFTALIS & FRANKEL LLP

HAROLD P. WEINBERGER
PARTNER
PHONE 212-715-9132
FAX 212-715-8132
HWEINBERGER@KRAMERLEVIN.COM

June 6, 2007

Matthew B. Lehr, Esq.
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, California  94025

Re:  *Playtex Products v. Procter & Gamble Company*

Dear Matt:

I write in response to your June 1 letter.

We plan to proceed with the hearing as scheduled.  In addition, given that new Gentle Glide is not presently available and that, at the earliest, the product will become available in reasonable quantities in the marketplace sometime later this summer — at which point P&G would first have to analyze and test the product — we do not agree that P&G will be precluded from seeking additional relief from the injunction based on new Gentle Glide, if appropriate.

P&G otherwise reserves all its rights and remedies.

Sincerely yours,

Harold P. Weinberger

HPW:bjs

Via Telecopy and PDF Email

# Exhibit C



US006890324B1

(12) **United States Patent**

Jackson et al.

(10) Patent No.: **US 6,890,324 B1**
(45) Date of Patent: **May 10, 2005**

(54) **TAMPON APPLICATOR**

(75) Inventors: **Dane R. Jackson**, Bloomingdale, NJ (US); **Paul A. Siracusa**, Florida, NY (US); **Keith Edgett**, Ramsey, NJ (US)

(73) Assignee: **Playtex Products, Inc.**, Westport, CT (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/894,042**

(22) Filed: **Jun. 28, 2001**

(51) Int. Cl.$^7$ .............................................. **A61F 13/20**
(52) U.S. Cl. ................................... **604/385.17**; 604/904
(58) Field of Search ............................... 604/11–18, 57, 604/59–60, 311, 904

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 1,131,349 A | 3/1915 | Ellis | |
| 2,188,923 A | 2/1940 | Robinson | 128/285 |
| 2,264,586 A | 12/1941 | Ross | 128/285 |
| 2,476,956 A | 7/1949 | Bonham | 128/263 |
| 2,489,502 A | 11/1949 | Ruth | 128/270 |
| 2,509,241 A | 5/1950 | Mende | 128/270 |
| 2,587,717 A | 3/1952 | Fourness | 128/263 |
| 2,739,593 A | 3/1956 | McLaughlin | 128/263 |
| 2,854,978 A | 10/1958 | Millman et al. | 128/285 |
| 2,922,423 A | 1/1960 | Rickard et al. | 128/263 |
| 2,934,068 A | 4/1960 | Graham, Jr. et al. | 128/263 |
| 3,034,508 A | 5/1962 | Nalle | 128/263 |
| 3,059,642 A | 10/1962 | Gershen | 128/263 |
| 3,068,867 A | 12/1962 | Bletzinger et al. | 128/285 |
| 3,086,527 A | 4/1963 | Forrest | 128/263 |
| 3,090,385 A | 5/1963 | Brecht | 128/263 |
| 3,101,713 A | 8/1963 | Sargent | 128/263 |
| 3,103,929 A | 9/1963 | Brecht | 128/263 |
| 3,124,134 A | 3/1964 | Gardner | 128/263 |
| 3,148,680 A | 9/1964 | Roberts et al. | 128/263 |

| | | | |
|---|---|---|---|
| 3,351,060 A | 11/1967 | Woskin | 128/263 |
| 3,409,011 A | 11/1968 | Mittag | 128/263 |
| 3,429,312 A | 2/1969 | Stump | 128/263 |
| 3,575,169 A | 4/1971 | Voss et al. | 128/263 |
| 3,628,533 A | 12/1971 | Loyer | 128/263 |
| 3,645,263 A | 2/1972 | Bates | 128/263 |
| 3,674,026 A | 7/1972 | Werner et al. | 128/263 |
| 3,765,417 A | 10/1973 | Crockford | 128/263 |
| 3,805,786 A | 4/1974 | Bernardin et al. | 128/263 |
| 3,807,399 A | 4/1974 | Morman et al. | 128/263 |

(Continued)

FOREIGN PATENT DOCUMENTS

| | | |
|---|---|---|
| JP | Sho 53-74795 | 7/1978 |
| JP | 57-87730 U | 11/1980 |
| ZA | 777411 | 11/1977 |

OTHER PUBLICATIONS

Entry and Order Granting Defendants' Motion for Summary Judgment of Non–Infringement Based on Markman Ruling. (Doc. 95). Nov. 3, 2003.

(Continued)

*Primary Examiner*—John J. Calvert
*Assistant Examiner*—Michele Kidwell
(74) *Attorney, Agent, or Firm*—Ohlandt, Greeley, Ruggiero & Perle, LLP

(57) **ABSTRACT**

A tampon is provided having an applicator barrel adapted to house a pledget, and especially a radially expanding pledget, and receive a telescoping plunger that is adapted to expel the pledget from the barrel. The applicator barrel has a finger-grip area with at least one set of diametrically opposed, substantially flattened surfaces, convex surfaces, concave surfaces, or any combination thereof. These surfaces have at least one gripping structure to enhance the gripping characteristics of the applicator, allowing the user to securely hold the applicator during insertion and removal and during expulsion of the pledget from the barrel.

**32 Claims, 15 Drawing Sheets**



**US 6,890,324 B1**

Page 2

### U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 3,831,605 A | 8/1974 | Fournier | ..................... | 128/263 |
| 3,834,389 A | 9/1974 | Dulle | ......................... | 128/285 |
| 3,835,856 A | 9/1974 | Warncke | ..................... | 128/263 |
| 3,895,634 A | 7/1975 | Berger et al. | ............... | 128/263 |
| D250,663 S | 12/1978 | Koch et al. | .................. | D24/99 |
| 4,182,328 A | 1/1980 | Boldue et al. | .............. | 128/235 |
| 4,198,978 A | 4/1980 | Nigro | ......................... | 128/285 |
| 4,269,187 A | 5/1981 | Sakurai et al. | .............. | 128/263 |
| 4,276,881 A | 7/1981 | Lilaonitkul | ................. | 128/263 |
| 4,318,405 A | 3/1982 | Sneider | ...................... | 128/263 |
| 4,361,150 A | 11/1982 | Voss | ........................... | 128/263 |
| 4,411,647 A | 10/1983 | Sakurai et al. | ............... | 604/16 |
| 4,412,833 A | 11/1983 | Wiegner et al. | .............. | 604/14 |
| 4,424,054 A | 1/1984 | Conn et al. | .................. | 604/11 |
| 4,479,791 A | 10/1984 | Sprague | ...................... | 604/14 |
| 4,536,178 A | 8/1985 | Lichstein et al. | ............. | 604/15 |
| 4,543,086 A | 9/1985 | Johnson | ...................... | 604/11 |
| 4,573,963 A | 3/1986 | Sheldon | ...................... | 604/15 |
| 4,573,964 A | 3/1986 | Huffman | ..................... | 604/15 |
| 4,891,042 A | 1/1990 | Melvin et al. | ................ | 604/18 |
| 5,290,501 A | 3/1994 | Klesius | ...................... | 264/322 |
| 5,395,308 A | 3/1995 | Fox et al. | .................... | 604/15 |
| D415,565 S | 10/1999 | Hayes et al. | ................ | D24/141 |
| 6,045,526 A | 4/2000 | Jackson | ...................... | 604/15 |

### OTHER PUBLICATIONS

Memorandum Opinion, Jun. 4, 2002.

Report of Evan Hutchison Pursuant to Fed. R. Civ. Proc. 26(a)(2), Oct. 30, 2002.

Rebuttal Expert Report of Evan Hutchison, Dec. 27, 2002.

Supplemental Expert Report of Evan Hutchison, Jun. 27, 2003.

First Expert Report of Mario Turchi, Oct. 30, 2002.

Supplemental Expert Report of Mario Turchi, Jun. 27, 2003.

Rebuttal Expert Report of Mario A. Turchi, Dec. 27, 2002.

Rebuttal Expert Report of Mario A. Turchi, Defendant's Exhibit 40, Apr. 2, 2003.

Expert Report of G.A.M. Butterworth, Nov. 22, 2002.

Rebuttal Expert Report of G.A.M. Butterworth, Jan. 19, 2003.

Expert Report of James Moller, Ph.D., P.E., Nov. 26, 2002.

Playtex Products, Inc. v. Proctor & Gamble Co. and Proctor & Gamble Distributing Co., Appeal from the US District Court for the Southern District of Ohio in Case No. 02–CV–00391, District Judge Thomas M. Rose, Non–Confidential Joint Appendix, Jun. 9, 2004.

Playtex Products, Inc. v. Proctor & Gamble Co. and Proctor & Gamble Distributing Co., Appeal from the US District Court for the Southern District of Ohio in Case No. 02–CV–00391, District Judge Thomas M. Rose, Non–Confidential Reply Brief of Appellant, May 28, 2004.

Playtex Products, Inc. v. Proctor & Gamble Co. and Proctor & Gamble Distributing Co., Appeal from the US District Court for the Southern District of Ohio in Case No. 02–CV–00391 District Judge Thomas M. Rose, Non–Confidential Brief for Defendants–Appellees the Procter & Gamble Company and the Procter & Gamble Distributing Company, May 12, 2004.

Playtex Products, Inc. v. Proctor & Gamble Co. and Proctor & Gamble Distributing Co., Appeal from the US District Court for the Southern District of Ohio in Case No. 02–CV–00391, District Judge Thomas M. Rose, Non–Confidential Brief of Appellant, Apr. 2, 2004.

Playtex Products, Inc. v. Proctor & Gamble Distributing Co. et al., District Judge Thomas M. Rose, Supplemental Expert Report of G.A.M. Butterworth, Case No. C–1–02–391, Aug. 20, 2003.

Playtex Products, Inc. v. Proctor & Gamble Distributing Co. et al., District Judge Thomas M. Rose, Supplemental Report of James C. Moller, Ph.D., P.E., Case No. C–1–02–391, Aug. 15, 2003.



*FIG. 1*



*FIG. 2*

Case 1:08-cv-01532-WHP    Document 17-4    Filed 03/12/2008    Page 6 of 23



FIG. 3



*FIG. 4*



*FIG. 5*



*FIG. 6*



*FIG. 7*



FIG. 8



FIG. 9

Case 1:08-cv-01532-WHP    Document 17-4    Filed 03/12/2008    Page 13 of 23



FIG. 10



FIG. 11



FIG. 12

Case 1:08-cv-01532-WHP    Document 17-4    Filed 03/12/2008    Page 16 of 23



FIG. 13



FIG. 14



FIG. 15

US 6,890,324 B1

1

# TAMPON APPLICATOR

## BACKGROUND OF THE INVENTION

1. Field of the Invention

The present invention relates to catamenial insertion devices. More particularly, the present invention relates to a catamenial insertion device, such as a tampon applicator, having a fingergrip area with at least one gripping structure.

2. Description of the Prior Art

A catamenial insertion device or applicator normally has two components, namely a barrel and a plunger that is adapted to telescopically slide in the barrel. The material to be expelled, such as an absorbent pledget, is positioned in the barrel of the applicator. The barrel has a first end for ejection of the pledget, and a second end for receipt of the plunger. To use the tampon applicator, the consumer will position the ejection end appropriately, grasp the barrel, and move or slide the plunger in the barrel towards the ejection end of the barrel to expel the pledget.

Tampon pledgets, and notably radially expanding pledgets, due to their design, exert a pressure or friction force on the, inside wall of the applicator barrel. Thus, expulsion of the pledget from the barrel requires an applicator with a gripping configuration conducive to secure holding by the user with minimal pressure being applied to the barrel. The significance of minimizing pressure on the barrel of the applicator is that deformation of the barrel is reduced. Such barrel deformation causes significant friction amongst the pledget, barrel, and plunger, thereby significantly impeding the expulsion of the pledget from the barrel.

Various configurations for fingergrip areas on the barrel of an applicator have been proposed to facilitate handling and placement of the applicator, and expulsion of the pledget. One approach is a tampon applicator having an integral fingergrip that is formed by embossing an outside surface of the barrel of the applicator. The embossed portion of the applicator barrel typically takes the form of a series of raised circumferential rings or a series of discrete raised dots aligned in several circumferential rows. Examples of such fingergrips can be found in U.S. Pat. No. 6,045,526 to Jackson, U.S. Pat. No. 5,395,308 to Fox et al., U.S. Pat. No. 5,290,501 to Klesius, U.S. Pat. No. 4,573,964 to Huffman; U.S. Pat. No. 4,573,963 to Sheldon; U.S. Pat. No. 4,891,042 to Nelvin et al.; U.S. Pat. No. 4,412,833 to Wiegner et al.; U.S. Pat. No. 3,895,634 to Berger; U.S. Pat. No. 3,628,533 to Leyer; U.S. Pat. No. 2,922,423 to Rickard et al; U.S. Pat. No. 2,587,717 to Fourness; and U.S. Pat. No. 2,489,502 to Ruth.

Another approach to the gripping problem is found in U.S. Pat. No. 3,575,169 to Voss et al., which provides separate raised elements that are applied to an outer tube of a tampon applicator to provide a fingergrip. The elements can be formed of plastic, rubber, ceramic, or other materials, and can either be affixed to the outer tube by interference fit or by bonding.

U.S. Pat. No. 4,536,178 to Lichstein et al. discloses a tampon applicator having flattened surfaces with a gripping structure on the flattened surface. However, the gripping structure disclosed is limited to rows of ribs.

Thus, there is a need for a tampon applicator with a distinct fingergrip area having at least one gripping structure, other than ribs, that allows a consumer to easily grip the applicator or applicator barrel and expel the pledget with ease, especially overcoming the increased expulsion forces associated with a radially expanding pledget in the barrel.

2

## SUMMARY OF THE INVENTION

It is an object of the present invention to provide a tampon applicator or applicator barrel having a distinct fingergrip area with at least one gripping structure.

It is another object of the present invention to provide such a tampon applicator barrel where the fingergrip area is substantially flattened.

It is yet another object of the present invention to provide such a tampon applicator barrel in which the substantially flattened fingergrip area results in a finger and a thumb hold that enables the user to overcome the expulsion force exerted on the applicator barrel.

It is still another object of the present invention to provide such a tampon applicator barrel where the at least one gripping structure is selected from the group consisting of embossments, protuberances other than ribs, slits, grooves, louvers, perforations, lances, abrasive media, high wet coefficient of friction material, pressure sensitive adhesive, or any combinations thereof.

It is a further object of the present invention to provide such a tampon applicator barrel where the at least one gripping structure may be raised, depressed, tilted, aligned with the outer surface of the barrel, or any combinations thereof.

These and other objects of the present invention will be appreciated from a tampon having an applicator barrel adapted to house a pledget, and especially a radially expanding pledget, and to receive a plunger that is adapted to expel the pledget from the barrel. The applicator barrel has a fingergrip area with at least one set of diametrically opposed, substantially flattened, convex, or concave surfaces. These surfaces have at least one gripping structure to enhance the gripping characteristics of the applicator. The fingergrip area with at least one gripping structure allows the user to hold securely the applicator during insertion and removal, and more importantly, during expulsion of the pledget from the barrel.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a perspective view of one embodiment of the tampon applicator according to the present invention;

FIG. 2 is a perspective view of another fingergrip embodiment of the tampon applicator according to the present invention;

FIG. 3 is a perspective view of another fingergrip embodiment of the tampon applicator according to the present invention;

FIG. 4 is a perspective view of another fingergrip embodiment of the tampon applicator according to the present invention;

FIG. 5 is a perspective view of one embodiment of the tampon applicator of FIG. 1 having gripping structures according to the present invention;

FIG. 6 is a perspective view of another embodiment of the tampon applicator of FIG. 1 having gripping structures according to the present invention;

FIG. 7 is a perspective view of another embodiment of the tampon applicator of FIG. 1 having gripping structures according to the present invention;

FIG. 8 is a perspective view of another embodiment of the tampon applicator of FIG. 1 having a concave fingergrip area according to the present invention;

FIG. 9 is a perspective view of another embodiment of the tampon applicator of FIG. 1 having a convex fingergrip area according to the present invention;

US 6,890,324 B1

3

FIG. **10** is a perspective view of the tampon applicator of FIG. **9** with gripping structures according to an embodiment of the present invention;

FIG. **11** is a perspective view of the tampon applicator of FIG. **4** with an odd number of convex surfaces according to an embodiment of the present invention;

FIG. **12** is a perspective view of the tampon applicator of FIG. **5** with convex surfaces according to an embodiment of the present invention;

FIG. **13** is a perspective view of the tampon applicator of FIG. **8** with gripping structures according to an embodiment of the present invention;

FIG. **14** is a perspective view of the tampon applicator of FIG. **4** with an odd number of concave surfaces according to an embodiment of the present invention; and

FIG. **15** is a perspective view of the tampon applicator of FIG. **5** with concave surfaces according to an embodiment of the present invention.

## DETAILED DESCRIPTION OF THE INVENTION

Referring to the drawings and, in particular, FIG. **1**, there is shown a tampon applicator or inserter generally represented by reference numeral **10**. Tampon applicator **10** houses and carries a tampon pledget **12** having a removal string **14**. Tampon applicator **10** has a barrel **16** and a plunger **18** telescopically engageable with the barrel.

The plunger **18** is adapted to eject the pledget **12** from the barrel **16** out of the ejection end **20** of the barrel into the vagina of a user. The barrel **16** has a central body **17** that is preferably tubular and is adapted to house and carry the pledget **12** therein. The barrel **16** has a forward or ejection end **20**, and an opposite, rear or plunger-receiving end **32**.

The ejection end **20** of barrel **16** can be open or can have a dome shape. The ejection end **20** preferably has a hemispherical, dome-shaped tip **22**. The tip **22** may include a plurality of petals **24**, which are preferably formed by a plurality of slits **26**. The petals **24** are flexible, enabling the pledget **12** to be ejected therethrough when the plunger **18** is pressed against the top of the pledget **12** within the barrel **16**.

The plunger-receiving end **32** of barrel **16** has a decreased or tapered width or diameter relative to central body **17** of the barrel, which serves as a transition between the body and the rearmost plunger edge **28**. Receiving end **32** can have one or more substantially flattened surfaces, which form the fingergrip area. Preferably, receiving end **32** has one or more pairs of diametrically opposed, substantially flattened surfaces. In one embodiment of the present invention, as shown in FIG. **1**, receiving end **32** has one pair of diametrically opposed, substantially flattened surfaces **30**, which form a generally rectangular fingergrip area.

Referring to FIG. **2**, receiving end **32** has two pairs of diametrically opposed, substantially flattened surfaces **30**, which have a reduced diameter from central body **17** to plunger edge **28**. The two pairs of substantially flattened surfaces form a generally square cross-section. Plunger **18** is also shown as having a generally square cross-section.

Referring to FIG. **3**, receiving end **32** has three pairs of diametrically opposed, substantially flattened surfaces **30**, which have a reduced diameter from central body **17** to plunger edge **28**. The three pairs of diametrically opposed, substantially flattened surfaces **30** form a generally hexagonal cross-section, which results in superior gripping ability. Plunger **18** is also shown as having a generally hexagonal cross-section.

4

Referring to FIG. **4**, applicator **10** of the present invention has three substantially flattened surfaces **30** formed on receiving end **32**. The three substantially flattened surfaces have a reduced diameter from central body **17** to plunger edge **28** and form a generally triangular fingergrip area. Plunger **18** is also shown as having a generally triangular cross-section.

It should be understood that the present invention is not limited to the number of pairs of diametrically opposed, substantially flattened surfaces depicted in FIGS. **1** through **3**, or the number of substantially flattened surfaces depicted in FIG. **4**. Applicator **10** can be formed with any number of substantially flattened surfaces, pairs of diametrically opposed, substantially flattened surfaces, or any combinations thereof suitable for forming a fingergrip area on the receiving end of the barrel.

By forming a fingergrip area on the receiving end **32** of barrel **16**, where there is no pledget housed, a more rigid construction results. This rigidity is further enhanced due to the fact that the plunger also has a reduced diameter. As a result, the walls of the barrel between the receiving end **32** and the plunger edge **28** are substantially thick, and thus rigid. The rigidity not only results in a stronger construction, it reduces and/or eliminates deformation of the barrel, and subsequently reduces frictional forces amongst the barrel, plunger, and pledget during use. This reduction in frictional forces results in a greater ease of insertion of the applicator and expulsion of the pledget from the barrel of the applicator into the vagina.

In another embodiment of the present invention, as shown in FIG. **5**, receiving end **32** of applicator **10** has one pair of diametrically opposed, substantially flattened surfaces **30** and two angled shoulder surfaces **34**. The shoulder surfaces **34** form a finger and/or thumb hold or grip.

The angled shoulders **34** transcend from the barrel **16** to the flattened surfaces **30** and, thus, have a reduced diameter relative to the ejection end **20**. The angled surface of the shoulders **34** can vary from almost 0° to almost 90° relative to the length of the barrel **16**. To further enhance grasping of the barrel **16**, the two substantially flattened surfaces **30** are generally decreasingly tapered from the angled shoulders **34** to the plunger edge **28**. Accordingly, the angled shoulder surfaces **34** of the receiving end **32** provide an area on which the middle finger and thumb of a user may push off or rest on during the grasping of the applicator **10** and insertion of the applicator and pledget **12** into the vagina of a user. It should be understood that while FIG. **5** is depicted with two angled shoulders **34**, applicator **10** could have at least two angled shoulders **34**. The number of angled shoulders can correspond to the number of flattened surfaces formed on applicator **10**.

In an alternative embodiment of the applicator of FIGS. **1** through **5** of the present invention, at least one, and more preferably a plurality, of gripping structures are disposed on the surfaces **30**. While these alternative embodiments are discussed below with respect to FIG. **1**, they can be equally applied to the fingergrip area of FIGS. **2** through **5**, **8** and **9**. Examples of such are depicted in FIGS. **10** and **13**.

The gripping structures may be, for example, one or more embossments, protuberances other than ribs, slits, grooves, perforations, lances, abrasive media, high wet coefficient of friction material, pressure sensitive adhesive, or any combinations thereof. The gripping structures may be raised above surfaces **30**, depressed below surfaces **30**, constructed so as to the top of the gripping structure aligns with the outer surface of surfaces **30**, tilted towards or away from surfaces

US 6,890,324 B1

5

30, or any combinations thereof. The gripping structures may be patterned or arranged in any configuration, and in any number suitable for creating an enhanced gripping area for a user's fingers.

Referring to FIG. 6, by way of example, one embodiment of the at least one gripping structure of the fingergrip area of tampon applicator 10 of the present invention is shown having a plurality of circular shaped gripping structures 38 disposed on substantially flattened surfaces 30. These circular shaped gripping structures may be raised above surfaces 30, depressed below surfaces 30, through or virtually through surfaces 30, or a combination thereof. Also, the gripping structures can be disposed in any suitable pattern or number.

Referring to FIG. 7, by way of example, another embodiment of the at least one gripping structure of tampon applicator 10 is depicted having a series of wavy gripping structures 40 disposed vertically across substantially flattened surfaces 30. The wavy gripping structures can also be raised above surfaces 30, depressed below surfaces 30, tilted towards and/or away from surfaces 30, or a combination thereof, and may be present in any suitable pattern or number.

Referring to FIG. 8, by way of example, another embodiment of the at least one gripping structure of tampon applicator 10 is depicted in which the surfaces 30 are formed with a concavity, thus providing an additional finger and/or thumb forming hold that conforms to a user's fingers.

Referring to FIG. 9, by way of example, another embodiment of the at least one gripping structure of tampon applicator 10 is depicted in which the surfaces 30 are formed with a convex outer surface, thus providing an additional finger and/or thumb forming hold.

It should be understood that the embodiments shown in FIGS. 6 through 9, as well as all of the gripping structure embodiments described above, can be formed on the tampon applicator depicted in FIGS. 2 through 5, as well. This is illustrated by example in FIGS. 11, 12, 14 and 15.

The gripping structures may be created on surfaces 30 by any method known in the art, such as, for example, molding, embossing, laser engraving, taping, gluing, shearing, die punching, or any combinations thereof. Thus, by providing the receiving end 32 of the barrel 16 with a substantially flattened, and preferably also tapered, configuration and with at least one gripping structure, the receiving end serves as a superior grasping area, enabling the tampon user to easily and comfortably control and expel pledget 12 into the vagina.

The receiving end 32 is shown in FIGS. 1 through 5 as generally rectangular in cross-section to accommodate the flattened surfaces 30 thereof. Alternative cross-sectional shapes may be selected as long as such cross-sections accommodate the interior of surfaces 30 of the receiving end 32. Further, it should be understood that the cross-sectional areas of either end of the receiving end 32 do not necessarily need to be the same. For example, the examples shown in the figures have continued decreasing cross-sections from one end to the other. In addition, the cross-sections may include any concavities or convexities provided on the outer flattened surfaces 30 of the receiving end 32, to form an additional finger and/or thumb hold.

The receiving end 32 is also constructed to receive and axially engage the plunger 18 through an opening 29 therein. Accordingly, the general cross-sectional configuration of the receiving end 32 and the plunger edge 28, in particular, are preferably similar or comparable to that of the plunger 18 to

6

accommodate smooth axial engagement between the barrel 16 and the plunger 18. Further, as in the preferred embodiment, the corners of the rectangular cross section of the receiving end 32 have some radius of curvature, which reduces any untoward frictional contact of the plunger 18 with the outer surfaces of the receiving end 32 and to enhance the aesthetic appearance of the applicator 10.

In another embodiment of the present invention, a curled lip 36 is provided on plunger 18, which provides a comfortable surface for resting the index finger in pushing the plunger forward to eject the pledget 12 from the barrel 16. The outer end of the plunger 18 may have other collar-like members or configurations such as an oval, circular cross-section or an arcuate finger rest that function in a like manner as the curled lip 36.

The tampon pledget 12, and notably radially expanding tampon pledgets, are capable of exerting forces on the applicator barrel 16, namely an inside surface of the applicator barrel. Such forces make it difficult for a tampon user to expel the pledget 12 from the applicator barrel 16.

With a radially expanding pledget, the expansion of the pledget may be, by design, immediate upon release from a tampon applicator, i.e. the expansion occurs entirely or primarily in its dry state, without the need for moisture or menses, or it may be an unintentional effect due to aging. Because of these radial-expansion characteristics, an increased force is exerted on the inside wall or surface of the applicator barrel 16. It has been found that the force may be as high as several times that of a conventional pledget that requires menses or moisture to expand. As a result of this pressure, an increased expulsion force is required to expel the pledget 12 from the barrel 16. Expulsion forces in the magnitude of 2.5 pounds and greater have been measured for radially expanding tampon pledgets. The high pledget expulsion force requires an applicator with such a distinct fingergrip as provided by the present invention, in order to hold the applicator without the fear of deforming the applicator barrel 16 and further impeding expulsion of the radially expanding pledget 12.

In summary, a woman can securely and comfortably grasp, control and position a tampon applicator 10 in accordance with the present invention, and expel a tampon pledget 12, especially a radially expanding pledget, housed therein, as a result of the fingergrip surface of the applicator 10, especially in conjunction with the at least one gripping structure formed on flattened surfaces 30.

Additionally, the gripping ability of a user can be further enhanced by forming diametrically opposed finger and/or thumb holds 34. By placing the user's middle finger and thumb on the flattened surfaces 30 of the rear portion 32 of the barrel 16 and set against the angled shoulders 34 of the barrel 16, the user is able to easily maneuver, control and position a tampon within her vagina, and expel a pledget into her vagina, without any excess muscle tension or strain that could result in deformation of the barrel and/or plunger.

The foregoing specification and drawings are merely illustrative of the present invention and are not intended to limit the present invention to the disclosed embodiments. Variations and changes, which are obvious to one skilled in the art, are intended to be within the scope and nature of the present invention as defined in the appended claims.

What is claimed is:

1. A tampon applicator comprising:

a barrel adapted to house a pledget therein and to receive a plunger therein, said barrel having a fingergrip area adapted to partially house and engage said plunger, said

US 6,890,324 B1

7

fingergrip area having at least one substantially flattened surface, at least one substantially flattened surface having at least one gripping structure other than a plurality of ribs or treads, wherein said fingergrip area has a reduced diameter relative to said barrel,

wherein said at least one substantially flattened surface and said at least one gripping structure provide gripping ability to overcome ejection forces applied to said barrel by said pledget and/or said plunger.

**2**. The tampon applicator of claim **1**, wherein said fingergrip area comprises at least one pair of diametrically opposed, substantially flattened surfaces.

**3**. The tampon applicator of claim **1**, wherein said fingergrip area comprises an odd number of substantially flattened surfaces, and wherein at least one of said substantially flattened surfaces is diametrically opposed to a pair of adjoined substantially flattened surfaces.

**4**. The tampon applicator of claim **1**, wherein said fingergrip area further comprises at least two angled shoulder surfaces.

**5**. The tampon applicator of claim **4**, wherein said at least one substantially flattened surface is at least two substantially flattened surfaces, and wherein each of said at least two angled shoulder surfaces are disposed adjacent to each of said at least two substantially flattened surfaces on said fingergrip area.

**6**. The tampon applicator of claim **1**, wherein said at least one gripping structure has a top in a plane that is raised above a plane having said at least one substantially flattened surface.

**7**. The tampon applicator of claim **1**, wherein said at least one gripping structure is depressed below said at least one substantially flattened surface.

**8**. The tampon applicator of claim **1**, wherein said at least one gripping structure is aligned with an outer surface of said at least one substantially flattened surface.

**9**. The tampon applicator of claim **1**, wherein said at least one gripping structure has a position selected from the group consisting of tilted towards an outer surface of said at least one substantially flattened surface, tilted away from an outer surface of said at least one substantially flattened surface, and any combination thereof.

**10**. The tampon applicator of claim **1**, wherein the tampon applicator further comprises a plunger, and wherein said said plunger and said fingergrip area have substantially the same cross-sectional shape.

**11**. The tampon applicator of claim **10**, wherein said cross-sectional shape is selected from the group consisting of: rectangular, square, triangular, or hexagonal.

**12**. The tampon applicator of claim **1**, wherein said at least one gripping structure further comprises a plurality of ribs or treads.

**13**. The tampon applicator of claim **1**, wherein said at least one gripping structure is patterned.

**14**. A tampon applicator comprising:

a barrel adapted to house a pledget therein and to receive a plunger therein, said barrel having a fingergrip area adapted to partially house and engage said plunger, said fingergrip area having at least one convex gripping surface, said at least one convex gripping surface having at least one gripping structure other than a plurality of ribs or treads, wherein said fingergrip area has a reduced diameter relative to said barrel,

wherein said at least one convex gripping surface and said at least one gripping structure provide gripping ability to overcome ejection forces applied to said barrel by said pledget and/or said plunger.

8

**15**. The tampon applicator of claim **14**, wherein said fingergrip area comprises at least one pair of diametrically opposed, convex gripping surfaces.

**16**. The tampon applicator of claim **14**, wherein said fingergrip area comprises an odd number of convex gripping surfaces, and wherein at least one of said convex gripping surfaces is diametrically opposed to a pair of adjoined convex gripping surfaces.

**17**. The tampon applicator of claim **14**, wherein said fingergrip area further comprises at least two angled shoulder surfaces.

**18**. The tampon applicator of claim **17**, wherein said at least one convex gripping surface is at least two convex gripping surfaces, and wherein each of said at least two angled shoulder surfaces are disposed adjacent to each of said at least two convex gripping surfaces on said fingergrip area.

**19**. The tampon applicator of claim **14**, wherein said at least one gripping structure is selected from the group consisting of embossments, protuberances, slits, grooves, louvers, perforations, lances, abrasive media, high wet coefficient of friction materials, pressure sensitive adhesives, and any combinations thereof.

**20**. The tampon applicator of claim **14**, wherein said at least one gripping structure further comprises a plurality of ribs or treads.

**21**. The tampon applicator of claim **14**, wherein said at least one gripping structure is patterned.

**22**. A tampon applicator comprising:

a barrel adapted to house a pledget therein and to receive a plunger therein, said barrel having a fingergrip area adapted to partially house and engage said plunger, said fingergrip area having at least one concave gripping surface, said at least one concave gripping surface having at least one gripping structure other than a plurality of ribs or treads, wherein said fingergrip area has a reduced diameter relative to said barrel,

wherein said at least one concave gripping surface and said at least one gripping structure provide gripping ability to overcome ejection forces applied to said barrel by said pledget and/or said plunger.

**23**. The tampon applicator of claim **22**, wherein said fingergrip area comprises at least one pair of diametrically opposed, concave gripping surfaces.

**24**. The tampon applicator of claim **22**, wherein said fingergrip area comprises an odd number of concave gripping surfaces, and wherein at least one of said concave gripping surfaces is diametrically opposed to a pair of adjoined concave gripping surfaces.

**25**. The tampon applicator of claim **22**, wherein said fingergrip area further comprises at least two angled shoulder surfaces.

**26**. The tampon applicator of claim **25**, wherein said at least one concave gripping surface is at least two concave gripping surfaces, and wherein each of said at least two angled shoulder surfaces are disposed adjacent to each of said at least two concave gripping surfaces on said fingergrip area.

**27**. A tampon applicator comprising:

a barrel adapted to house a pledget therein and to receive a plunger therein, said barrel having a fingergrip area adapted to partially house and engage said plunger, said fingergrip area having an odd number of substantially flattened surfaces with at least one gripping structure selected from the group consisting of embossments, slits, perforations, lances, pressure sensitive adhesive, and any combinations thereof, wherein said fingergrip area has a reduced diameter relative to said barrel,

US 6,890,324 B1

9

wherein at least one of said substantially flattened surfaces is diametrically opposed to a pair of adjoined substantially flattened surfaces, and

wherein said odd number of substantially flattened surfaces and said at least one gripping structure provide gripping ability to overcome ejection forces applied to said barrel by said pledget and/or said plunger.

28. A tampon applicator comprising:

a barrel adapted to house a pledget therein and to receive a plunger therein, said barrel having a fingergrip area adapted to partially house and engage said plunger, said fingergrip area having at least one substantially flattened surface with at least one gripping structure selected from the group consisting of embossments, slits, perforations, lances, pressure sensitive adhesive, and any combinations thereof, wherein said fingergrip area has a reduced diameter relative to said barrel,

wherein said at least one gripping structure is depressed below said at least one substantially flattened surface, and

wherein said at least one substantially flattened surface and said at least one gripping structure provide gripping ability to overcome ejection forces applied to said barrel by said pledget and/or said plunger.

29. A tampon applicator comprising:

a barrel adapted to house a pledget therein and to receive a plunger therein, said barrel having a fingergrip area adapted to partially house and engage said plunger, said fingergrip area having an odd number of convex gripping surfaces with at least one gripping structure, wherein said fingergrip area has a reduced diameter relative to said barrel,

10

wherein at least one of said convex surfaces is diametrically opposed to a pair of adjoined convex surfaces, and

wherein said odd number of convex gripping surfaces and said at least one gripping structure provide gripping ability to overcome ejection forces applied to said barrel by said pledget and/or said plunger.

30. A tampon applicator comprising:

a barrel adapted to house a pledget therein and to receive a plunger therein, said barrel having a fingergrip area adapted to partially house and engage said plunger, said fingergrip area having an odd number of concave gripping surfaces with at least one gripping structure selected from the group consisting of embossments, slits, perforations, lances, pressure sensitive adhesives, and any combinations thereof, wherein said fingergrip area has a reduced diameter relative to said barrel,

wherein at least one of said concave gripping surfaces is diametrically opposed to a pair of adjoined concave gripping surfaces, and

wherein said odd number of concave gripping surfaces and said at least one gripping structure provide gripping ability to overcome ejection forces applied to said barrel by said pledget and/or said plunger.

31. The tampon applicator of claim 22, wherein said at least one gripping structure further comprises a plurality of ribs or treads.

32. The tampon applicator of claim 22, wherein said at least one gripping structure is patterned.

*    *    *    *    *