UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

THE PROCTER & GAMBLE COMPANY,

                Plaintiff,

         - against -

PLAYTEX PRODUCTS, INC.,

               Defendant.

————————————————————————— x

08 Civ. 01532 (WHP)

**JOINT RULE 26(f) REPORT**

Pursuant to the Court's February 25, 2008 Order for Initial Pretrial Conference, the parties respectfully submit this joint report in advance of the Rule 16 conference scheduled for April 1, 2008.

## I.    The Action

This is an action for declaratory judgment. Plaintiff The Procter & Gamble Company ("P&G") seeks a declaration that: (i) Defendant Playtex Products, Inc. ("Playtex") is precluded by *res judicata* from challenging any advertising claim by P&G that its Tampax Pearl tampons provide superior leakage protection compared to Playtex's Gentle Glide tampons; (ii) Playtex is equitably estopped from challenging such a claim; or (iii) any advertising claim by P&G that its Tampax Pearl tampons provide superior leakage protection compared to Gentle Glide is not false or misleading under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), or state statutory or common law.

Playtex has asserted counterclaims for: (i) false advertising under Section 43(a) of the Lanham Act arising out of the alleged advertising claim by P&G that its Pearl plastic

tampon "protects even better than the next leading brand"; and (ii) patent infringement of U.S. Patent 6,890,324 B1, entitled "Tampon Applicator."

## II.    The Rule 26(f) Conference

Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties conferred by telephone on March 18, 2008 and have had subsequent telephone and e-mail communications. Matthew B. Lehr, Esq. of Davis Polk & Wardwell, 1600 El Camino Real, Menlo Park, California 94025, is representing Playtex. Harold P. Weinberger, Esq. of Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, New York 10036, is representing P&G in connection with the advertising claims and counterclaim. Kenneth R. Adamo, Esq. of Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114, will shortly be appearing for P&G in connection with Playtex's patent counterclaim.

## III.    Amended Complaint

The parties agreed that P&G could amend its original complaint pursuant to Fed. R. Civ. P. 15(a). P&G filed and served its amended complaint and a stipulation memorializing Playtex's consent to the amendment on March 25, 2008. Playtex will serve its answer to the amended complaint, and P&G will serve a reply to any counterclaims asserted in that answer, within the time periods set forth in the Federal Rules of Civil Procedure.

## IV.    Severance of Patent Counterclaim

The parties have agreed that Playtex's patent counterclaim, which will be reasserted in the answer to the amended complaint, should be severed from this action. At the Rule 16 conference, the parties will ask the Court to enter an order of severance pursuant to Fed. R. Civ. P. 21, on consent. Attached as Exhibit A is a proposed order of severance. Because the

parties anticipate severance of the patent counterclaim, the parties have agreed to separate proposed discovery plans for the patent and advertising claims.

**V.    Patent Counterclaim**

    **A.    Proposed Discovery Plan**

        The parties agree to the schedule for discovery and trial reflected in a proposed order attached to this Report as Exhibit B.

    **B.    Protective Order**

        The parties agree that a Protective Order will be required to provide for the limited disclosure of each of their trade secrets and other confidential information. The parties will employ their best efforts to reach agreement on the terms of a such a protective order as soon as possible.

**VI.    Advertising Claims**

    **A.    Proposed Motion for Summary Judgment**

        At the Rule 16 conference, P&G will seek permission to file a motion for summary judgment on its *res judicata* claim, the first claim for relief in the amended complaint. Playtex does not oppose P&G filing such a motion. The parties have agreed to the following briefing schedule for P&G's motion for summary judgment on its *res judicata* claim:

- P&G's motion for summary judgment and brief in support thereof shall be filed and served by May 1, 2008.

- Playtex's opposition to the motion for summary judgment shall be filed and served by June 2, 2008.

KL3 2647244.2

- P&G's reply brief in support of its motion for summary judgment shall be filed and served by June 17, 2008.

### B.    Proposed Discovery Plan

In the event the Court grants P&G permission to file its proposed motion for summary judgment, and given that such a motion would be dispositive of all of the advertising claims if granted, the parties agree to request that the Court stay discovery on the advertising claims pending resolution of the motion. The parties also agree that Playtex will retain the right: (i) to seek discovery to the extent Playtex believes discovery is required in order to oppose P&G's motion; and/or to oppose the motion on the ground that discovery is needed, and (ii) to seek expedited discovery to the extent Playtex decides to move for a preliminary injunction with respect to any advertising by P&G that is the subject of Playtex's first counterclaim.

### V.    Settlement

The parties discussed the possibility of settlement, but at present cannot agree to settle this case. The parties do not currently believe that alternative dispute resolution would assist in resolving this case.

KL3 2647244.2

Dated: New York, New York
         March 2️⃣ 2008

Kramer Levin Naftalis & Frankel LLP

By: _____ (HW 3290)
        Harold P. Weinberger
        Jonathan M. Wagner

1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
hweinberger@kramerlevin.com
jwagner@kramerlevin.com

Attorneys for Plaintiff
The Procter & Gamble Company

Davis Polk & Wardwell

By: _____ (DN 6578)
        Matthew B. Lehr (ML-9982)
        Diem-Suong T. Nguyen (DN-6578)
        Benjamin R. Allee

450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
matthew.lehr@dpw.com
benjamin.allee@dpw.com

                    - and-

Anthony Fenwick (*pro hac vice*)
Veronica Abreu (*pro hac vice*)
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
anthony.Fenwick@dpw.com
veronica.abreu@dpw.com

Attorneys for Defendant Playtex Products, Inc.

- 5 -

KL3 2647244.2

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————————— x

THE PROCTER & GAMBLE COMPANY,     :

              Plaintiff,     :     08 Civ. 01532 (WHP)

              - against -     :     **[PROPOSED] ORDER**

PLAYTEX PRODUCTS, INC.,     :

              Defendant.     :

————————————————————————— x

      Upon the joint application of Plaintiff The Procter & Gamble Company ("P&G")

and Defendant Playtex Products, Inc. ("Playtex"), it is hereby

      ORDERED, that Playtex's counterclaim for willful patent infringement of U.S.

Patent 6,890,324 B1 ("Patent Claim") is severed from the above-captioned action pursuant to

Fed. R. Civ. P. 21, and it is further

      ORDERED, that the Clerk of the Court is directed to create a new Civil Action

Number for an action to be styled, *Playtex Products, Inc. v. The Procter & Gamble Company*, in

which Playtex's Patent Claim against P&G will be proceeded with separately from the above-

captioned action and in which Playtex will appear as plaintiff and P&G as defendant.

Dated: April    , 2008
      New York, New York

                      SO ORDERED:

                      ———————————————————
                        WILLIAM H. PAULEY III
                        U.S.D.J.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THE PROCTER & GAMBLE COMPANY,

                Plaintiff,

     - against -

PLAYTEX PRODUCTS, INC.,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

08 Civ. 01532 (WHP)

**[JOINT PROPOSED]
SCHEDULING ORDER**

Electronically filed

     The following case management schedule shall govern Defendant Playtex Products, Inc. ("Playtex")'s counterclaim for infringement of U.S. Patent No. 6,890,324 B1:

**FACT DISCOVERY:**

1.    The parties shall exchange initial disclosures pursuant to Rule 26(a) by May 9, 2008.

2.    No later than May 16, 2008, Playtex shall serve on Procter & Gamble Company ("P&G") a disclosure of every asserted claim and infringement contentions identifying the element(s) of each and every one of the accused product(s) alleged to infringe each asserted claim, whether the alleged infringement is literal or by the doctrine of equivalents; if by doctrine of equivalents, Playtex shall provide a full statement of how each element is an alleged equivalent.

3.    No later than June 27, 2008, P&G shall serve on Playtex a disclosure of all prior art that it contends invalidates any claim of a patent-in-suit,

along with invalidity contentions identifying: (1) for any grounds of invalidity under 35 U.S.C. §§ 102-103, where specifically in each alleged item of prior art each limitation of each asserted claim is found; and (2) the basis of any other grounds of invalidity asserted.

4. Fact discovery shall conclude **within 30 days** from the date of this Court's claim construction order.

5. **Within 50 days** from the date of this Court's claim construction order, P&G shall serve on Playtex a written election as to whether it will assert advice of counsel as a defense to the allegation of willful infringement. Notwithstanding the deadline for fact discovery set forth in paragraph 4, the parties will be entitled to pursue discovery concerning any defense of advice of counsel up until **90 days** from the date of this Court's claim construction order.

**CLAIM CONSTRUCTION:**

6. The parties shall submit to the Court a list of disputed terms for construction, along with each party's proposed constructions and designations of intrinsic and/or extrinsic evidence in support of such proposed constructions, by August 1, 2008. The parties will meet and confer on or before August 8, 2008 in an attempt to agree on constructions for as many of the disputed claims terms as possible.

7. Any discovery solely directed to claim construction issues shall be completed by August 15, 2008.

2

8.  Simultaneous opening *Markman* briefs shall be filed and served by August 22, 2008.

9.  Simultaneous responsive *Markman* briefs shall be filed and served by September 11, 2008.

10. A *Markman* hearing shall be held on October 10, 2008, at a time to be determined by the court. Should the Court require a tutorial on the technology at issue, such a tutorial shall be held on October 3, 2008, at a time to be determined by the Court.

**EXPERT DISCOVERY:**

11. Opening expert reports shall be served by each party having the burden of proof on an issue **within 45 days** from the date of this Court's claim construction order.

12. Rebuttal expert reports shall be served **within 75 days** from the date of this Court's claim construction order.

13. Expert discovery shall be completed **within 105 days** from the date of this Court's claim construction order.

**DISPOSITIVE MOTIONS:**

14. Dispositive motions shall be filed and served by February 23, 2009.

15. Oppositions to dispositive motions shall be filed and served by March 9, 2009.

16. Reply briefs in support of dispositive motions shall be filed and served by March 16, 2009.

3

17. A hearing on dispositive motions shall be held during the week of April 6, 2009, at a day and time to be determined by the Court.

**MOTIONS *IN LIMINE*:**

18. Motions *in limine*, if any, shall be filed and served **twenty-five days before trial**.

19. Opposition memoranda on motions *in limine*, if any, shall be filed and served **twenty days before trial**.

**VOIR DIRE QUESTIONS, JURY INSTRUCTIONS, AND VERDICT FORMS:**

20. Proposed voir dire questions, jury instructions and objections thereto, and verdict forms prepared in accord with the Court's Individual Practices, shall be filed and served by **fifteen days before trial**.

**PRETRIAL MEMORANDUM AND ORDER:**

21. A joint pre-trial order in accord with the Court's Individual Practices shall be filed and served **fifteen days before trial**.

22. A joint pre-trial memorandum in accord with the Court's Individual Practices shall be filed and served **fifteen days before trial**.

**PRETRIAL CONFERENCE:**

23. A final pretrial conference shall be held **one week before trial**, on a date and at a time to be determined by the Court.

4

**TRIAL DATE:**

    24. Trial shall commence on June 1, 2009, or as soon thereafter as the case

       may be set for trial by the Court.

**IT IS SO ORDERED.**


_____      _____
Date                              WILLIAM H. PAULEY III
                                       UNITED STATES DISTRICT JUDGE

5

Index No. 08 Civ. 01532 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE PROCTER & GAMBLE COMPANY,

Plaintiff,

- against -

PLAYTEX PRODUCTS, INC.,

Defendant.

---

### JOINT RULE 26(f) REPORT

---

**Kramer Levin Naftalis & Frankel LLP**
*Attorneys for* Plaintiff
The Procter & Gamble Company

1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100

*All communications should be referred to*
Harold P. Weinberger