UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
THE PROCTER & GAMBLE COMPANY, :
: 08 Civ. 01532 (WHP)
Plaintiff, :
: **Amended Answer and**
- against - : **Counterclaim**
:
: **Jury Demanded on**
PLAYTEX PRODUCTS, INC., : **All Issues So Triable**
:
Defendant. : Electronically Filed
:
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendant Playtex Products, Inc. ("Playtex"), by its attorneys Davis Polk & Wardwell, for its amended answer and counterclaims to the amended complaint of Plaintiff Procter & Gamble Company ("P&G"), alleges as follows:

## **INTRODUCTION**

1. Admitted that P&G seeks the claimed relief, but denied that its Complaint properly states a claim for relief or that P&G is entitled to the requested relief.

2. Admitted.

3. Admitted.

4. Denied.

5. Admitted that, if the Court properly has jurisdiction over a ripe claim, then venue is properly laid in this district. Otherwise denied.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. The first sentence of paragraph 10 is denied. Playtex admits that P&G purported to launch a new version of Tampax Pearl ("New Pearl") in 2006, but otherwise denies the allegations in the second sentence of paragraph 10.

11. The first sentence of paragraph 11 is admitted, except expressly denied that any Gentle Glide product other than the Gentle Glide product that was the subject of the May 2003 Injunction Order ("Old Gentle Glide") was the subject of P&G's comparative testing against New Pearl. The remainder of paragraph 11 is denied.

12. Admitted, except expressly denied that any product other than Old Gentle Glide was "compared" to New Pearl or was otherwise at issue at the June 2007 hearing.

13. Denied, except admitted that Playtex informed P&G that a new version of Gentle Glide ("New Gentle Glide") would be reaching the market at or about the time of the scheduled hearing. Denied that P&G asked Playtex about "its position concerning the impact of that supposed new version on the then-upcoming hearing." Rather, P&G asked two questions relating to the Injunction Order: (1) whether New Gentle Glide was "materially changed" and (2) whether consumer testing performed on Old Gentle Glide was no longer relevant (Ex. A).

14.     Admitted that the June 1, 2007 letter contains the cited statements, but denied that P&G's allegations accurately represent the letter or Playtex's stated positions. Specifically, Playtex was responding to the two questions posed by P&G's counsel on May 18. Consistent with its position at the June 2007 hearing, Playtex then contended that neither New Pearl nor New Gentle Glide were materially changed. As to the second question posed by P&G's counsel regarding testing, the letter stated:

> As to the comparative testing between New Pearl and Gentle Glide, it is Playtex's position that a newly fielded test between New Pearl and New Gentle Glide may yield different results from the existing tests between New Pearl and Old Gentle Glide. We are simply not in a position to know *a priori*. **Therefore, Playtex will not stipulate that the results will be the same.** (emphasis added)

15.     Admitted that, on June 8, 2007, Playtex submitted a pre-hearing memorandum to the court in *Playtex Products, Inc. v. The Procter & Gamble Company*, 02 Civ. 8046 (WHP) ("*Playtex I*"), which document speaks for itself. The remaining allegations of paragraph 15 are denied. By way of further pleading, it was Playtex's position in *Playtex I* that neither New Gentle Glide nor New Pearl were "materially changed" products within the meaning of the May 2003 Injunction Order. Playtex never represented to P&G that New Gentle Glide would perform similarly to Old Gentle Glide in comparison testing against New Pearl. Indeed, in the letter dated June 1, 2007, counsel for Playtex expressly warned counsel for P&G that "a newly fielded test between New Pearl and New Gentle Glide *may yield different results* from the existing tests between New Pearl and Old Gentle Glide." (emphasis added)

16.     Denied. By way of further pleading, counsel for P&G represented to counsel for Playtex that P&G did not seek to retest New Pearl against New Gentle Glide because it

- 3 -

wanted to go forward with the scheduled June 19 hearing and that, because it was not possible to test before that hearing, it reserved its rights to seek additional relief from the Injunction Order "based on new Gentle Glide" (Ex. B).

17.  Admitted that evidence concerning New Gentle Glide was not presented to the Court during the June 2007 hearing in *Playtex I*. The remaining allegations of paragraph 17 are denied.

18.  Admitted that the Court partially granted P&G's motion. Otherwise denied. The Memorandum Opinion and Order speaks for itself.

19.  Admitted that the Court's Memorandum Opinion and Order contains the cited sentences. The remaining allegations of paragraph 19 are denied.

20.  Admitted that the General Counsel of Energizer wrote to P&G's inside counsel on February 6, 2008, which letter speaks for itself. The remaining allegations of paragraph 20 are denied.

21.  Admitted that the General Counsel of Energizer wrote to P&G's inside counsel on February 6, 2008, which letter speaks for itself. The remaining allegations of paragraph 21 are denied.

22.  The first sentence of paragraph 22 is admitted. The remaining allegations of paragraph 22 are denied. By way of further pleading, Playtex alleges that P&G's allegations that testing was "conducted well before the Court's decision" and that Playtex "never … raised in any way the contention that P&G's testing was deficient … because a

supposedly new version of Gentle Glide was now in the marketplace" are false.  In fact, in its Pre-Hearing Memorandum to the Court Playtex stated the following:

> At the pre-motion conference, we informed the Court that Playtex itself may be introducing a new Gentle Glide product ("New Gentle Glide").  Playtex has in fact elected to do so and has informed P&G.  It is Playtex's position that New Gentle Glide is not a "materially changed" product under the Injunction Order despite being an improved product.  Playtex invited P&G to postpone the June 19 hearing if it wished to test New Gentle Glide, but to date P&G has persisted in going forward.  Playtex also informed P&G that, if it wished to go forward on New Pearl alone, it would be Playtex's position that P&G is barred from seeking additional relief from the Injunction Order on the grounds that New Gentle Glide is a "materially changed" product.  On June 6, 2007 P&G declined Playtex's invitation to postpone the hearing.

Thus, Playtex informed the Court **at least twice** of New Gentle Glide, and specifically stated to both P&G and the Court that New Gentle Glide was "an improved product."  There was simply no basis for P&G to conclude either that New Gentle Glide would perform similarly to Old Gentle Glide, or that Playtex has conceded as much.  At all times Playtex was prepared to postpone the hearing to allow P&G to test New Gentle Glide in any manner it saw fit.

23.     Denied.  By way of further pleading, it was Playtex's position in *Playtex I* that neither New Gentle Glide nor New Pearl were "materially changed" products within the meaning of the May 2003 Injunction Order.  Playtex never represented to P&G that New Gentle Glide would perform similarly to Old Gentle Glide in comparison testing against New Pearl.  Indeed, in a letter dated June 1, 2007, counsel for Playtex expressly warned counsel for P&G that "a newly fielded test between New Pearl and New Gentle Glide *may yield different results* from the existing tests between New Pearl and Old Gentle Glide." (emphasis added)

24.     Denied.

- 5 -

25. Playtex admits that P&G is seeking by its Complaint a declaration of rights, but denies it does so properly. The remaining allegations of paragraph 25 are denied, and by way of further pleading are false and frivolous.

26. Admitted that P&G seeks the referenced declaration, but denied that it does so properly and that its Complaint properly states a claim for relief. All remaining allegations in paragraph 26 are denied.

27. Paragraph 27 states legal contentions to which no responsive pleading is required. If an answer is deemed required, the allegations in this paragraph are denied.

28. Playtex repeats and re-alleges the responses contained in paragraphs 1 through 15, 17 through 22, and 24 through 25 of this amended answer.

29. Denied.

30. Denied.

31. Playtex denies that, at the time P&G filed the instant lawsuit, any actual case or controversy existed between P&G and Playtex concerning whether Playtex is precluded from challenging the legality of advertising claims that New Pearl is superior to New Gentle Glide with respect to leakage protection. All remaining allegations in paragraph 31 are denied.

32. Denied.

33. Denied.

34.	Playtex repeats and re-alleges the responses contained in paragraphs 1 through 24, 26, 29 through 30 and 33 of this amended answer.

35.	Playtex denies that, at the time P&G filed the instant lawsuit, any actual case or controversy existed between P&G and Playtex concerning whether Playtex is equitably estopped from challenging the legality of advertising claims that New Pearl is superior to New Gentle Glide with respect to leakage protection.  All remaining allegations in paragraph 35 are denied.

36.	Denied.

37.	Playtex repeats and re-alleges the responses contained in paragraphs 1 through 24, 27, 29 through 30 and 33 of this amended answer.

38.	Playtex denies that, at the time P&G filed the instant lawsuit, any actual case or controversy existed between P&G and Playtex concerning the legality of advertising claims that New Pearl is superior to New Gentle Glide with respect to leakage protection. All remaining allegations in paragraph 38 are denied.

39.	Denied.

## DEFENSES

### FIRST DEFENSE

1.	The Amended Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**

2. This court lacks subject matter jurisdiction over P&G's claims for relief because no actual claim or controversy existed regarding those claims at the time the original complaint was filed.

**THIRD DEFENSE**

3. P&G's claims for relief were not ripe for judicial determination at the time the original complaint was filed.

**FOURTH DEFENSE**

4. P&G is not entitled to any equitable relief under the doctrine of unclean hands.

**FIFTH DEFENSE**

5. P&G's claims regarding New Gentle Glide are barred by estoppel and waiver.

**COUNTERCLAIM**

For its Counterclaim herein, Playtex alleges, upon personal knowledge as to its own actions and upon information and belief as to the actions of counterclaim defendant P&G, as follows:

**JURISDICTION**

1. This Counterclaim is for willful false advertising under § 43(a) of the Lanham Act.

2. This Counterclaim arises under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

3. Playtex is a Delaware corporation with its headquarters in Westport, CT.

4. P&G is an Ohio corporation with its headquarters in Cincinnati, Ohio.

5. The Court has subject matter jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 1331 & 1338(a), and 15 U.S.C. § 1121.

6. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## COUNTERCLAIM
### (False Advertising under the Lanham Act)

7. Playtex and P&G are the two principal competitors in the plastic tampon market segment.

8. Playtex markets and sells New Gentle Glide in interstate commerce and in this judicial district.

9. P&G markets and sells New Pearl in interstate commerce and in this judicial district.

10. Beginning on or about March 2008, P&G began airing television ads claiming that its New Pearl plastic tampon "protects even better than the next leading brand."

11. Playtex's New Gentle Glide is the "next leading brand."

12. As alleged in its Complaint in this action, P&G has no *in vivo* comparative testing supporting a claim that New Pearl protects better than Playtex's New Gentle Glide.

13. Playtex has *in vivo* testing establishing that New Pearl and New Gentle Glide are at parity for protection.

14. Accordingly, P&G's ads are false and misleading and will cause Playtex immediate and irreparable harm unless enjoined.

15. P&G has willfully disseminated its false claims.

## PRAYER FOR RELIEF

WHEREFORE, Playtex requests that this Court enter judgment holding:

(a) that the Amended Complaint be dismissed in its entirety with prejudice;

(b) that P&G's advertising is false and misleading under the Lanham Act and that such false statements are willful;

(c) that P&G be preliminarily and permanently enjoined from making false claims about its Pearl tampons.

(d) that Playtex be awarded damages, including pre- and post-judgment interest, adequate to compensate Playtex for P&G's willful false advertising;

(e) that such false advertising damages be trebled pursuant to 15 U.S.C. §1117 for willful infringement of § 43(a) of the Lanham Act;

(f) awarding Playtex such further relief as the Court deems just.

## JURY DEMAND

Playtex demands trial by jury on all issues raised in its Counterclaim.

Dated:  April 7, 2008                    DAVIS POLK & WARDWELL

                                         By:  s/ Matthew B. Lehr
                                              Matthew B. Lehr (ML-9982)

                                         Benjamin R. Allee
                                         450 Lexington Avenue
                                         New York, NY 10017
                                         Telephone: (212) 450-4000
                                         Facsimile:  (212) 450-3800

– and –

Anthony I. Fenwick (*pro hac vice*)
Diem-Suong T. Nguyen (DN-6578)
Veronica C. Abreu (*pro hac vice*)
1600 El Camino Real
Menlo Park, California  94025
Telephone:  (650) 752-2000
Facsimile:   (650) 752-2111

*Attorneys for Defendant Playtex Products, Inc*.

# Exhibit A

Case 1:08-cv-01532-WHP     Document 28-2     Filed 04/07/2008     Page 1 of 2

**From:** Weinberger, Harold P. [mailto:hweinberger@KRAMERLEVIN.com]
**Sent:** Friday, May 18, 2007 1:26 PM
**To:** Lehr, Matthew B.
**Cc:** steinmanis.ks@pg.com; Wagner, Jonathan M.
**Subject:** Playtex product change

Matt

    Thanks for promptly advising me of Playtex's decision. I will await your advice as to how soon you will be able to provide us the product in quantities requested in my e mail of yesterday. I would also like to know how soon the product will be on the shelves and how it will be characterized in Playtex's advertising and promotion. Finally you will need to tell me in writing what Playtex's position is going to be as to whether this a a materially changed version of Gentle Glide (as your prior advice on this has been informal) and whether you are going to contend that the testing done on the current version of Gentl Glide is no longer relevant to this product.

              Harold


Harold P. Weinberger

Partner
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: 212-715-9132
Fax: 212-715-8132
Email: hweinberger@KRAMERLEVIN.com
http://www.kramerlevin.com


This communication (including any attachments) is intended solely for the recipient(s) named above and may contain information that is confidential, privileged or legally protected. Any unauthorized use or dissemination of this communication is strictly prohibited. If you have received this communication in error, please immediately notify the sender by return e-mail message and delete all copies of the original communication. Thank you for your cooperation.

3/11/2008

# Exhibit B

KRAMER LEVIN NAFTALIS & FRANKEL LLP

HAROLD P. WEINBERGER
PARTNER
PHONE 212-715-9132
FAX 212-715-8132
HWEINBERGER@KRAMERLEVIN.COM

June 6, 2007

Matthew B. Lehr, Esq.
Davis Polk & Wardwell
1600 El Camino Real
Menlo Park, California 94025

Re: *Playtex Products v. Procter & Gamble Company*

Dear Matt:

I write in response to your June 1 letter.

We plan to proceed with the hearing as scheduled. In addition, given that new Gentle Glide is not presently available and that, at the earliest, the product will become available in reasonable quantities in the marketplace sometime later this summer — at which point P&G would first have to analyze and test the product — we do not agree that P&G will be precluded from seeking additional relief from the injunction based on new Gentle Glide, if appropriate.

P&G otherwise reserves all its rights and remedies.

Sincerely yours,

Harold P. Weinberger

HPW:bjs

<u>Via Telecopy and PDF Email</u>

1177 AVENUE OF THE AMERICAS   NEW YORK NY 10036-2714   PHONE 212.715.9100   FAX 212.715.8000
WWW.KRAMERLEVIN.COM
ALSO AT 47 AVENUE HOCHE   75008 PARIS FRANCE

KL3 2596549.1