UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

THE PROCTER & GAMBLE COMPANY,

                 Plaintiff,

         - against -

PLAYTEX PRODUCTS, INC.,

                 Defendant.

------------------------------------------------------------ x

08 Civ. 01532 (WHP)

Statement Pursuant to Local Rule 56.1

      Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, and in support of its motion for summary judgment on its First Claim for Relief in the Amended Complaint and to dismiss the counterclaim of defendant Playtex Product, Inc. ("Playtex"), plaintiff The Procter & Gamble Company ("P&G"), by its undersigned counsel, Kramer Levin Naftalis & Frankel LLP, respectfully provide the following statement of material facts as to which it is submitted there is no genuine issue to be tried.

      1.    P&G and Playtex are two of the principal competitors in the tampon market. Playtex markets among other products a plastic tampon applicator product called Gentle Glide. In 2002, P&G introduced a competing plastic tampon applicator product called Tampax Pearl. (Weinberger Decl., Exh. L ¶ 6; *id.*, Exh. M ¶ 6).

2. In October 2002, Playtex commenced an action against P&G in the United States District Court for the Southern District of New York alleging that P&G's advertising for its Tampax Pearl tampons violated the Lanham Act, 15 U.S.C. § 1125(a), and state unfair competition law. *Playtex Prods., Inc. v. Procter & Gamble Co.*, No. 02 Civ. 8046, 2008 WL 399295, at *1 (S.D.N.Y. Feb. 11, 2008) (Weinberger Decl., Exh. A). The prior action, captioned *Playtex Products, Inc. v. Procter & Gamble Company*, 02 Civ. 8046, was assigned to the Honorable William H. Pauley III. *Id.*

3. Following a trial, in May 2003 a jury found that P&G's advertising claims that Tampax Pearl was superior to Gentle Glide with respect to leakage protection and comfort violated the Lanham Act. *Playtex Prods.*, 2008 WL 399295, at *1 (Weinberger Decl., Exh. A).

4. Thereafter, the Court issued a Judgment and Order of Permanent Injunction, dated May 29, 2003 (the "Injunction"), permanently enjoining P&G from advertising that:

> (a) Tampax Pearl tampons are superior in wearing comfort or protection to Playtex Gentle Glide tampons; and (b) Tampax Pearl tampons are superior in absorbency to or have an absorbent braid for better protection than Playtex Gentle Glide tampons, either explicitly or implicitly by reference to "the leading plastic" applicator tampon, and without limitation of reference to the use of comparative words such as "superior," "better," or "more" . . . .

(Weinberger Decl., Exh. B ¶ 1).

5. At paragraph 8, the Injunction provided that, "Nothing in this Judgment and Order shall preclude P&G from making supported claims concerning materially changed versions of the parties' tampon products." (Weinberger Decl., Exh. B ¶ 8).

KL3 2653611.1

6. In 2004, P&G began development of a new version of Tampax Pearl with improved performance. That effort ultimately culminated in the launch of a new Tampax Pearl ("New Pearl"). *Playtex Prods.*, 2008 WL 399295, at *1 (Weinberger Decl., Exh. A).

7. P&G conducted testing of New Pearl, including comparative testing against Gentle Glide. *Playtex Prods.*, 2008 WL 399295, at *2-3 (Weinberger Decl., Exh. A). P&G's *in vitro* testing simulating conditions inside the body showed improvements between Old Pearl and New Pearl. *Id.* at *2. P&G's *in vivo* testing showed that: (i) New Pearl was an improvement over Old Pearl; and (ii) New Pearl provided superior leakage protection when compared to Gentle Glide. *Id.* at *2-3.

8. On June 8, 2007, P&G moved for relief from the Injunction on two grounds. First, P&G moved to vacate the Injunction insofar as it related to leakage protection claim on the ground that changes to the leakage protection performance of New Pearl relative to Old Pearl and Gentle Glide constituted a "significant change in factual circumstances" under Fed. R. Civ. P. 60(b)(5). Alternatively, P&G asked the Court to find that a claim that New Pearl provides superior leakage protection compared to Gentle Glide fell within the scope of and was permitted by paragraph 8 of the Injunction. *Playtex Prods.*, 2008 WL 399295, at *1, 5 (Weinberger Decl., Exh. A). (Weinberger Decl., Exh. C).

9. Prior thereto, the parties had conducted extensive discovery concerning the issues raised in the motion. (Weinberger Decl., Exh. L ¶ 12; *id.*, Exh. M ¶ 12). This discovery focused on two main categories of information: the changes that had been made to Tampax Pearl tampons; and testing between New Pearl and Old Pearl, and between New Pearl and Gentle Glide. *See Playtex Prods.*, 2008 WL 399295, at *1-4 (Weinberger Decl., Exh. A).

10. The Court conducted a three-day evidentiary hearing on June 19-21, 2007. A total of ten witnesses testified, and the parties presented to the Court substantial documentary evidence. Each side introduced into evidence leakage protection studies comparing the two products at issue. The parties also submitted extensive pre- and post-trial written submissions. (Weinberger Decl., Exh. L ¶ 12; *id.*, Exh. M ¶ 12).

11. Shortly before filing its motion to vacate or clarify, P&G became aware that Playtex was purportedly developing an altered form of Gentle Glide ("New Gentle Glide"). In an e-mail dated May 18, 2007, counsel for P&G asked counsel for Playtex "to tell me in writing what Playtex's position is going to be as to whether [New Gentle Glide] is a materially changed version of Gentle Glide (as your prior advice on this has been informal) and whether you are going to contend that the testing done on the current version of Gentl[e] Glide is no longer relevant to this product." (Weinberger Decl., Exh. D).

12. In a letter dated June 1, 2007 responding to P&G's May 18, 2007 e-mail, counsel for Playtex stated:

> It is Playtex's position that New Gentle Glide is substantially equivalent to the Gentle Glide produce that was the subject of the Court's injunction ("Old Gentle Glide"). Accordingly, it is not a materially changed product.
>
> As to the comparative testing between New Pearl and Gentle Glide, it is Playtex's position that a newly fielded test between New Pearl and New Gentle Glide may yield different results from the existing tests between New Pearl and Old Gentle Glide. We are simply not in a position to know a priori. Therefore, Playtex will not stipulate that the results will be the same.
>
> We will be sending you non-commercial samples of New Gentle Glide in the next few days, and commercial samples as soon as they become available. We are prepared to postpone the hearing until such time as P&G has the ability to analyze the product and

> to conduct any testing it deems appropriate. If P&G elects to go forward with the hearing as scheduled, it will be Playtex's position that P&G will be precluded from seeking additional relief from the injunction based on New Gentle Glide.

(Weinberger Decl., Exh. E).

13. Relying on Playtex's representations, P&G determined not to seek to retest New Pearl against the supposed new version of Gentle Glide, and to proceed with the hearing. P&G responded to Playtex's letter on June 6, 2007. (*See* Weinberger Decl., Exh. F).

14. In a footnote in its pre-hearing memorandum, submitted on or about June 8, 2007, Playtex made the following representation:

> At the pre-motion conference, we informed the Court that Playtex itself may be introducing a new Gentle Glide product ("New Gentle Glide"). Playtex has in fact elected to do so and has informed P&G. It is Playtex's position that New Gentle Glide is not a "materially changed" product under the Injunction Order despite being an improved product. Playtex invited P&G to postpone the June 19 hearing if it wished to test New Gentle Glide, but to date P&G has persisted in going forward. Playtex also informed P&G that, if it wished to go forward on New Pearl alone, it would be Playtex's position that P&G is barred from seeking additional relief from the Injunction Order on the grounds that New Gentle Glide is a "materially changed" product. On June 6, 2007 P&G declined Playtex's invitation to postpone the hearing.

(Weinberger Decl., Exh. G at 4 n.1).

15. At the time of the June 2007 trial, Playtex had developed New Gentle Glide and was "about to" starting selling New Gentle Glide. (Weinberger Decl., Exh. H).

16.     Prior to the June 2007 trial, Playtex was producing packaging for New Gentle Glide claiming, among other things, "Our best protection with our most advanced design . . . ever." (Weinberger Decl., Exh. J).

17.     At the June 2007 trial, and in its post-trial submissions, Playtex made several arguments in an attempt to challenge the adequacy of P&G's *in vivo* study comparing the leakage protection of New Pearl and Gentle Glide. *See Playtex Prods.*, 2008 WL 399295, at *3-4 (Weinberger Decl., Exh. A).

18.     Playtex began selling the supposed new version of Gentle Glide at least as early as August 2007. (Weinberger Decl., Exh. I).

19.     In a press release dated August 31, 2007, Playtex stated, "the new Gentle Glide tampon has been redesigned to give women Playtex Gentle Glide's best protection ever. The new 360 degree design opens all around, conforming to the body for unsurpassed protection and comfort. . . . The new Gentle Glide tampon is a major breakthrough in design. . . . The new Gentle Glide tampon is available on store shelves beginning this month . . . ." (Weinberger Decl., Exh. I).

20.     On February 6, 2008, the Court issued a Memorandum and Order (the "Decision") resolving P&G's motion and setting forth the Court's findings of facts and conclusions of law. The Clerk of the Court entered the Decision on February 6, 2008. The Court amended the Decision on February 11, 2008 to redact certain trade secret information. *Playtex Prods.*, 2008 WL 399295, at *2 n.2 (Weinberger Decl., Exh. A).

KL3 2653611.1

21. In the Decision, the Court reviewed the changes made by P&G to create the new version of Tampax Pearl, and considered the parties' respective leakage protection studies. *Playtex Prods.*, 2008 WL 399295, at *3-4 (Weinberger Decl., Exh. A). The Court held that the P&G study showing Tampax Pearl's superiority over Gentle Glide for leakage protection "was rigorous in its methodology." *Id.* at *4. The Court also held that "the Playtex Study was flawed in several respects," including that the study "failed to simulate normal consumer usage." *Id.* The Court concluded that "the P&G Study [is] more reliable than the Playtex Study. . . ." *Id.*

22. In the February 6, 2008 Decision, the Court held that:

> Given the relative strength of the P&G Study, P&G's *in vitro* and *in vivo* tests supporting New Pearl's improved absorbency, and expert testimony linking P&G's manufacturing changes to the improvements, this Court finds P&G has demonstrated significant change in the absorbency of its Tampax Pearl tampons relative to Gentle Glide. Moreover, because the information is not false or misleading, disseminating it is in the public interest. Accordingly, this Court will remove the prohibitions against P&G advertising New Pearl's superior absorbency and protection from the Injunction Order.

*Playtex Prods.*, 2008 WL 399295, at *5 (Weinberger Decl., Exh. A).

23. On February 6, 2008, the Vice President & General Counsel of Playtex's new parent company, Energizer Holdings, Inc., wrote to P&G's inside counsel stating, among other things:

> We have reviewed Judge Pauley's February 6 Memorandum and Order arising from the June, 2007 hearing. As you know, the Playtex product at issue in that hearing was Old Gentle Glide, which is now no longer on the market. I understand that P&G was aware at the time the hearing commenced that Playtex was about to commercialize New Gentle Glide, but nevertheless declined to place New Gentle Glide in issue.

KL3 2653611.1

> Our view is that New Gentle Glide, although not materially different from Old Gentle Glide under the standard Playtex advanced at the hearing, has important performance advantages over Old Gentle Glide. Accordingly, any claims of superior protection or absorbency over New Gentle Glide must be independently substantiated. We in fact have data that shows no protection difference between New Pearl and New Gentle Glide.
>
> This is to put you on notice that any claims by P&G of superior protection or absorbency of New Pearl over New Gentle Glide will, in our view, be false and subject to challenge in court. Should you choose to go forward with such claims, we would caution you to limit the scope of advertising which can readily be removed following any injunction order.

(Weinberger Decl., Exh. H).

24. Prior to February 6, 2008, Playtex obtained some sort of evidence that purportedly shows that New Gentle Glide has "important performance advantages over Old Gentle Glide." (Weinberger Decl., Exh. H).

25. Prior to February 6, 2008, Playtex performed and analyzed the results of a study comparing the leakage protection of New Pearl and New Gentle Glide. (Weinberger Decl., Exh. H).

26. Prior to February 6, 2008, Playtex had completely replaced Old Gentle Glide with New Gentle Glide in the market. (Weinberger Decl., Exh. H).

27. Prior to the Court's February 6, 2008 ruling, Playtex did not seek: (i) to offer any evidence with respect to the alleged new version of Gentle Glide; or (ii) to argue that P&G's study was inadequate or irrelevant because P&G did not test the supposed new version of Gentle Glide.

KL3 2653611.1

28. On consent of both parties, on April 1, 2008, the Court lifted the Injunction in its entirety. (Weinberger Decl., Exh. K).

Dated: New York, New York
May 1, 2008

Kramer Levin Naftalis & Frankel LLP

By: _____
Harold P. Weinberger
Jonathan M. Waganer
Tobias B. Jacoby

1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
hweinberger@kramerlevin.com
jwagner@kramerlevin.com
tjacoby@kramerlevin.com

Of Counsel:

Karl S. Steinmanis, Esq.
Travis C. Cresswell, Esq.
The Procter & Gamble Company
One Procter & Gamble Plaza
Cincinnati, Ohio 45202

Attorneys for Plaintiff
The Procter & Gamble Company

Index No. 08 Civ. 01532 (WHP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE PROCTER & GAMBLE COMPANY,

                  Plaintiff,

- against -

PLAYTEX PRODUCTS, INC.,

                  Defendant.

**Statement Pursuant to Local Rule 56.1**

**Kramer Levin Naftalis & Frankel LLP**
*Attorneys for* Plaintiff
The Procter & Gamble Company

1177 Avenue of the Americas
New York, New York  10036
Telephone:  (212) 715-9100

*All communications should be referred to*
Harold P. Weinberger