

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PROCTER & GAMBLE COMPANY,<br><br>                      *Plaintiff,*<br>-against-<br><br>PLAYTEX PRODUCTS, INC.,<br><br>                      *Defendant.* | 08-cv-1532 (WHP) |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, discovery (including interrogatories, document requests and depositions) in the above-entitled action may involve the production or disclosure of trade secrets or sensitive commercial, financial or proprietary business information,

**IT IS HEREBY STIPULATED,** by and between the parties hereto and by their respective counsel that pursuant to Fed. R. Civ. P. 26(c) and subject to the approval of the Court, the following Stipulated Protective Order (the "Order") be entered:

**IT IS HEREBY ORDERED THAT:**

1. All information disclosed or obtained through discovery in this case shall be used solely for purposes reasonably related to litigation of this action and for no other purpose, including without limitation any business or competitive purpose or any voluntary submission to any governmental or administrative agency.

2. All material which is deemed to contain confidential or proprietary information and is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

1

pursuant to this Order ("Confidential Information") including, without limitation, transcripts of depositions, copies of exhibits, answers to interrogatories, and copies of documents produced in pretrial proceedings in this action shall be retained in confidence by receiving counsel and shall not be disclosed by receiving counsel to any third parties except as provided in paragraphs 6, 7, and 9 of this Order.

3. All documents that a party believes contain Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as appropriate under this Order on each page thereof.

4. Either party may designate as "CONFIDENTIAL" any document, testimony or other discovery material that contains trade secrets or other confidential business or financial information, proprietary information, or personal or financial affairs.

5. Either party may designate as "HIGHLY CONFIDENTIAL" any document, testimony or other discovery material that contains prospective marketing plans, prospective advertising plans, prospective financial or budgetary materials, prospective research and development materials, prospective product development materials, and prospective market research materials, but only to the extent those materials concern prospective future products not currently marketed by the parties or improvements or changes to currently marketed products which have not been commercially introduced.

6. Documents or testimony designated CONFIDENTIAL pursuant to this Order shall be maintained in confidence by the receiving party and shall not be disclosed or made available to any person other than:

    a. The Court and Court personnel;

    b. Outside counsel of record for the parties and employees of such attorneys, i.e., paralegals, secretaries, and clerks to whom it is necessary that the material be shown for purposes of this litigation;

    c. Paul Yestrumskas and William B. Stammer, in-house attorneys for Playtex Products, Inc., and Karl Steinmanis and Travis Cresswell, in-house attorneys for The Procter & Gamble Company;

    d. Court reporters during the course of a deposition in this case;

    e. Consultants or expert witnesses used by the parties for the purpose of preparing and prosecuting or defending this case, who, prior to the receipt of Confidential Information, acknowledge in a written, dated and notarized statement in the form of Exhibit A hereto, delivered to counsel making the disclosure, that the consultant or expert witness is fully familiar with the terms of this Order and agrees to comply with and be bound by it, except by further Order of the Court.

    f. Employees of outside vendors providing photocopy, imaging, database, and design services in connection with this litigation who have executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

   g. Jury, trial, graphic and visual aid consulting services retained for purposes of this litigation who have executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

  7. Documents or testimony designated HIGHLY CONFIDENTIAL pursuant to this Order shall be maintained in confidence by the receiving party and shall not be disclosed or made available to any person other than:

   a. The Court and Court personnel;

   b. Outside counsel of record for the parties and employees of such attorneys, i.e., paralegals, secretaries, and clerks to whom it is necessary that the material be shown for purposes of this litigation;

   c. Court reporters during the course of a deposition in this case;

   d. Consultants or expert witnesses used by the parties for the purpose of preparing and prosecuting or defending this case, who, prior to the receipt of Confidential Information, acknowledge in a written, dated and notarized statement in the form of Exhibit A hereto, delivered to counsel making the disclosure, that the consultant or expert witness is fully familiar with the terms of this Order and agrees to comply with and be bound by it, except by further Order of the Court.

   e. Employees of outside vendors providing photocopy, imaging, database, and design services in connection with this litigation who have executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

      f.      Jury, trial, graphic and visual aid consulting services retained for purposes of this litigation who have executed an Undertaking in the form annexed to this Stipulated Protective Order as Exhibit A;

      8.      All persons receiving Confidential Information pursuant to this Order shall not make use of or disseminate Confidential Information to anyone, except for purposes of this action and as further permitted by this Order or a further order by this Court. Notwithstanding the above, Confidential Information hereunder may be disclosed in testimony given by deposition or at the trial of this action, or in papers filed in this action, or offered in evidence at the trial of this action, subject to (a) any applicable rules of evidence and civil procedure, and (b) the requirements of this Order.

      9.      A deposition witness may be shown Confidential Information by an attorney then conducting the examination of that witness under the following conditions and without any waiver of its confidential status: (a) any witness may be shown a document identifying the witness as a signatory, author, addressee, or recipient of a copy thereof, (b) an officer, director, general manager, acting general manager, or manager of a party, employee, or other witness designated by a party pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown any document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by that party, (c) any witness may be shown Confidential Information after a proper foundation has been laid that the witness has had access to the document containing such Confidential Information; or (d) any witness may be shown Confidential Information designated by the party whose counsel is then conducting the examination of the witness.

10.     To the extent that the parties wish to file any materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL with the Court, the parties must seek leave of the Court to file such documents under seal as required by Judge Pauley's Individual Rules. If the Court grants permission, such materials shall be filed in sealed envelopes on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope, the word(s) "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as applicable and a statement substantially in the following form:

> THIS DOCUMENT IS FILED UNDER SEAL PURSUANT TO THE PROTECTIVE ORDER OF THIS COURT ENTERED IN THIS ACTION AND SHALL NOT BE OPENED EXCEPT BY THE COURT OR UPON ORDER OF THE COURT OR BY STIPULATION OF THE PARTIES TO THIS ACTION

11.     Pursuant to Standing Order M-10-468, Sealed Records which have been filed with the clerk shall be removed by the party submitting them (a) within ninety (90) days after a final decision is rendered if no appeal is taken, or (b) if an appeal is taken, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this Order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them.

12.     If any Confidential Information is used or disclosed during the course of a deposition in this case, in the form of exhibits, testimony, or otherwise, that portion of the deposition record reflecting such Confidential Information shall be sealed and stamped as designated by a party with the words:

> CONFIDENTIAL - FILE UNDER SEAL. THIS TRANSCRIPT CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER AND SHALL BE USED ONLY IN ACCORDANCE THEREWITH; or
>
> HIGHLY CONFIDENTIAL - FILE UNDER SEAL. THIS TRANSCRIPT CONTAINS INFORMATION SUBJECT TO A PROTECTIVE ORDER AND SHALL BE USED ONLY IN ACCORDANCE THEREWITH.

Counsel may also designate any deposition testimony as CONFIDENTIAL or HIGHLY CONFIDENTIAL by giving written notice thereof to the court reporter and to all parties within ten (10) days after receipt of the deposition transcript by the party asserting the confidentiality or by making an appropriate statement on the record. Until expiration of these ten (10) days, all deposition transcripts shall be treated as if designated HIGHLY CONFIDENTIAL hereunder.

13.     The restrictions set forth in this Order shall not apply to information which prior to disclosure either is in the possession or knowledge of the party to whom such disclosure is made or is public knowledge, and the restrictions contained in this Order shall not apply to information which, after disclosure, becomes public knowledge other than by act or omission of the party to whom such disclosure is made or which is independently developed or which is legitimately acquired from an independent source, provided however, if receiving counsel believes any information should not be deemed CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order because of the circumstances set forth in this paragraph, receiving counsel shall first notify opposing counsel of the same, providing producing counsel with seven (7) days to object. If a timely objection is made, the information shall be deemed to have been designated CONFIDENTIAL or HIGHLY CONFIDENTIAL as originally designated hereunder and

subject to the restrictions of this Order until permission of the Court is given to treat it otherwise.

14. A producing party that inadvertently fails to designate an item pursuant to this Order at the time of the production shall make a correction promptly after becoming aware of such error. Such correction and notice thereof shall be made in writing accompanied by substitute copies of each item, appropriately designated. Those individuals who reviewed the documents or information prior to notice of the failure to designate by the producing party shall, to the extent reasonably feasible, return to the producing party or destroy all copies of such undesignated documents and shall honor the provisions of this Order with respect to the use and disclosure of any confidential information contained in the undesignated documents, from and after the date of designation.

15. All Confidential Information supplied to receiving counsel, and copies thereof, shall be returned to producing counsel within thirty (30) days of the termination of this action, or shall be otherwise disposed of in a manner agreeable to both parties. Except for one archival copy, all summaries and condensations shall be destroyed at such time, with confirmation sent to opposing counsel.

16. This Order shall be without prejudice to the right of either party to bring before the Court at any time the question of whether any particular information is or is not Confidential Information at which time the normal burdens of proof shall apply (i.e., before its disclosure the challenging party shall demonstrate a good faith basis for the challenge, and the designating party must fail to demonstrate that the information

designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL is confidential, proprietary, or a trade secret).

17.  No party concedes that any information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Order by any other party does in fact contain or reflect trade secrets, proprietary or other Confidential Information, or has been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL. Any party may at any time, on reasonable notice, move the Court for (a) modification of this Order, (b) relief from the provisions of this Order with respect to specific Confidential Information, including the use of Confidential Information at depositions, or (c) a determination by the Court that Confidential Information is in fact not entitled to protection. In addition, the parties may agree in writing to necessary modifications of this Order without Court approval.

18.  The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product privilege or any other relevant privilege shall not constitute waiver of the applicable privilege. If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains and make no use of the information contained in the document, provided, however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege.

19. This Court, or any Court to which this action is transferred, retains jurisdiction of the parties hereto indefinitely respecting any dispute between the parties regarding the improper use of Confidential Information disclosed under protection of this Order and shall indefinitely retain such authority.

Dated: New York, New York
April __, 2008

KRAMER LEVIN NAFTALIS & FRANKEL LLP

By: _____
Harold P. Weinberger (HW-3240)
Jonathan M. Wagner (JW-7197)

1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
hweinberger@kramerlevin.com
jwagner@kramerlevin.com

Attorneys for Plaintiff The Procter & Gamble Company

Dated: Menlo Park, CA
April 17, 2008

DAVIS POLK & WARDWELL

By: _____
Matthew B. Lehr (ML-9982)

450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 450-3800

Anthony I. Fenwick (*pro hac vice*)
Diem-Suong T. Nguyen (DN-6578)
Veronica C. Abreu (*pro hac vice*)
David J. Lisson (*pro hac vice*)
1600 El Camino Real
Menlo Park, CA 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111

Attorneys for Defendant Playtex Products, Inc.

SO ORDERED:

_____
WILLIAM H. PAULEY III U.S.D.J.
4/25/08

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| THE PROCTER & GAMBLE COMPANY, | |
|---|---|
| *Plaintiff,* | |
| -against- | 08-cv-1532 (WHP) |
| PLAYTEX PRODUCTS, INC., | |
| *Defendant.* | |

**UNDERTAKING OF** _____

I, _____, hereby declare:

1. My address is

2. My present employer is
and the address of my present employer is

3. My present occupation or job description is

4. I have received a copy of the Stipulated Protective Order in the above-captioned proceeding.

5. I have carefully read and understand the provisions of the Stipulated Protective Order.

6. I will comply with all of the provisions of the Stipulated Protective Order.

7. I will hold in confidence, will not disclose to anyone not qualified under the Stipulated Protective Order, and will use only for purposes of this proceeding

documents or information designated by a party to the above-captioned action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that are disclosed to me.

8. I will return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" documents or information that come into my possession, to counsel for the party by whom I am employed or retained.

I, _____ hereby declare under penalty of perjury under the laws of the United States of America this ____ day of _____, 200____, in the State of _____, County of _____, that the foregoing is true and correct.

_____
(Signature)

State of                    }
                            }  ss.
Count of                    }

Sworn to and subscribed before me this _____ day of _____, 200__.

_____
Notary Public