# DAVIS POLK & WARDWELL

1600 EL CAMINO REAL
MENLO PARK, CA 94025
650 752 2000
FAX 650 752 2111

NEW YORK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

MATTHEW B. LEHR
650 752 2010
matthew.lehr@dpw.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

**MEMO ENDORSED**

July 24, 2008

Re: *The Procter & Gamble Company v. Playtex Products, Inc.*
No. 08 Civ. 01532 (WHP) (THK)

The Honorable William H. Pauley III
United States District Judge
The Daniel Patrick Moynihan United States Courthouse
for the Southern District of New York
500 Pearl Street — Room 2210
New York, New York 10007

Dear Judge Pauley:

On behalf of Defendant Playtex Products, Inc. ("Playtex"), I write pursuant to Rule 3(A) of Your Honor's Individual Practices to seek an expedited pre-motion conference for an anticipated motion for a preliminary injunction. In its motion, Playtex will seek an order under Fed. R. Civ. P. 65(a) and § 43(a) of the Lanham Act enjoining Plaintiff The Procter & Gamble Company ("P&G") from falsely claiming that Tampax Pearl tampons provide superior protection to Playtex Gentle Glide tampons. As Your Honor may recall, Playtex indicated at the hearing on the parties' cross-motions for summary judgment on July 11, 2008 that it may move for a preliminary injunction if discussions between the parties were not fruitful.

Playtex invested significant resources to develop a new version of its Gentle Glide tampon ("New Gentle Glide"), which resulted in an improved product over that which was the subject of *Playtex Products, Inc. v. Procter & Gamble Company*, 02 Civ. 8046 (WHP) ("*Playtex I*"). Playtex's *in vivo* testing shows that New Gentle Glide performs at parity with the version of Tampax Pearl that is currently on the market ("New Pearl") with respect to leakage protection. Despite this parity, P&G launched an advertising campaign in March 2008 falsely claiming that New Pearl protects better than "the next leading brand." As both parties concede, New Gentle Glide was, and continues to be, "the next leading brand." P&G continues to run ads making such superiority claims even though it possesses no *in vivo* tests to support them, and is aware that Playtex's *in vivo* tests demonstrate that those claims are false.

*Handwritten endorsement:* Application granted.
SO ORDERED:
[signature] WILLIAM H. PAULEY III U.S.D.J.
7/31/08

The conference shall be held on August 15, 2008 at 11:00 a.m.