UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                      :

PROCTER & GAMBLE COMPANY,

                            :

                 Plaintiff,                08 Civ. 1532 (WHP)

                            :

       -against-                   MEMORANDUM AND ORDER

                            :

PLAYTEX PRODUCTS, INC.,

                            :

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

WILLIAM H. PAULEY III, District Judge:

       Plaintiff Procter & Gamble Company ("P&G") brings this action against Defendant Playtex Products, Inc. ("Playtex") seeking a declaratory judgment that the doctrine of res judicata precludes Playtex from challenging P&G's advertising claim that its Tampax Pearl tampons protect better than Playtex's Gentle Glide tampons. Both parties move for summary judgment. For the following reasons, P&G's motion is denied and Playtex's motion is granted.

BACKGROUND

       Unless otherwise noted, the following facts are undisputed. In October 2002, Playtex sued P&G, claiming that it violated the Lanham Act by advertising that Tampax Pearl ("Old Pearl") was superior in leakage protection and comfort to Gentle Glide ("Old Gentle Glide"). (Plaintiff's statement of undisputed facts pursuant to Local Civil Rule 56.1 ("Pl. 56.1 Stmt.") ¶ 2.) In May 2003, following a jury verdict for Playtex, this Court issued a permanent injunction prohibiting P&G from making any claims of superior protection or comfort. (Pl. 56.1

Stmt. ¶¶ 3, 4.)  On June 8, 2007, P&G, having developed a new version of Tampax Pearl ("New Pearl"), moved pursuant to Fed. R. Civ. P. 60(b)(5) to vacate or modify the injunction.  (Pl. 56.1 Stmt. ¶¶ 6, 8.)  After conducting an evidentiary hearing between June 19 to June 21, 2007 (the "Evidentiary Hearing"), this Court modified the permanent injunction to allow P&G to claim superior protection because P&G could now support that claim with sufficient evidence (the "Modification Order").  Playtex Products, Inc. v. Procter & Gamble Co., No. 02 Civ. 8046 (WHP), 2008 WL 399295 (S.D.N.Y. Feb. 11, 2008).  The parties then agreed to vacate the injunction in its entirety.  (Pl. 56.1 Stmt. ¶ 28.)

By the time of the Evidentiary Hearing, Playtex had developed a new version of Gentle Glide ("New Gentle Glide") and was ready to market it.  (Pl. 56.1 Stmt. ¶ 15.) Nevertheless, neither party presented evidence concerning New Gentle Glide at the Evidentiary Hearing.  Playtex now asserts that its in vitro testing of New Gentle Glide, completed in April 2007, indicated it provides better protection than Old Gentle Glide; P&G disputes this assertion. (Declaration of Keith Edgett dated May 30, 2008 ¶¶ 8-11; Defendant's statement pursuant to Local Civil Rule 56.1 ("Def. 56.1 Stmt.") ¶¶ 47, 48; Plaintiff's response to Def. 56.1 Stmt. ¶¶ 47, 48.)

After receiving the Modification Order, Playtex informed P&G that because the Modification Order was based on New Pearl's demonstrated superiority to an outdated version of Gentle Glide, any claims of superiority by New Pearl would be false and "subject to challenge in Court."  (Pl. 56.1 Stmt. ¶ 23.)  In March 2008, P&G began running advertisements in which it asserted Tampax Pearl tampons "protect even better than the next leading brand."  (Def. 56.1 Stmt. ¶ 57.)

DISCUSSION

I. Legal Standard

Summary judgment should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court draws "all factual inferences in favor of the non-moving party . . . or, when cross-motions for summary judgment are filed, against the party whose motion is under consideration." Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2d Cir. 2005) (quotations and citations omitted). To defeat a summary judgment motion, the non-moving party must do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Conclusory allegations, conjecture, and speculation are not enough to survive the summary judgment motion." Niagara Mohawk Power Corp. v. Jones Chem., Inc., 315 F.3d 171, 175 (2d Cir. 2003) (internal quotation marks and citation omitted).

II. Res Judicata

"Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were or could have been raised in that action." Marvel Characters, Inc. v. Simon, 310 F.3d 280, 286-87 (2d Cir. 2002). "[T]he fact that both suits involved essentially the same course of wrongful conduct is not decisive." S.E.C. v. First Jersey Securities, Inc., 101 F.3d 1450, 1463 (2d Cir. 1996). "A first judgment will generally have preclusive effect only where the transaction or

connected series of transactions at issue in both suits is the same, that is whe[re] the same evidence is needed to support both claims, and whe[re] the facts essential to the second were present in the first." First Jersey, 101 F.3d at 1463-64 (internal quotation marks and citation omitted). "The crucial date is the date the complaint was filed. The plaintiff has no continuing obligation to file amendments to the complaint to stay abreast of subsequent events; [a] plaintiff may simply bring a later suit on those later-arising claims." Curtis v. Citibank, N.A., 226 F.3d 133, 139 (2d Cir. 2000). "[A]s a matter of logic, when the second action concerns a transaction occurring after the commencement of the prior litigation, claim preclusion generally does not come into play." Maharaj v. Bankamerica Corp., 128 F.3d 94, 97 (2d Cir. 1997) (emphasis added).

Playtex's claim in the first suit was that P&G's statements that Old Pearl provided superior protection to Old Gentle Glide were false. While Playtex's current claim may be based on the "same course of wrongful conduct," this claim concerns two products—New Pearl and New Gentle Glide—that did not exist at the time Playtex brought the first action. See First Jersey, 101 F.3d at 1463-64. That Playtex knew by the Evidentiary Hearing that it would be releasing a new version of Gentle Glide which may have improved its absorbency is not determinative, because P&G's motion to vacate the injunction did not commence a new action. The action commenced when Playtex filed its complaint in October 2002; after that time it had "no continuing obligation to file amendments to the complaint to stay abreast of subsequent events" and could "simply bring a later suit on those later-arising claims." See Curtis, 226 F.3d 133 at 139; Maharaj, 128 F.3d at 97. Accordingly, res judicata does not preclude Playtex from

raising a new claim of false advertising based on P&G's claim that New Pearl protects better than New Gentle Glide.

## CONCLUSION

For the foregoing reasons, P&G's motion for summary judgment on its claim for declaratory relief is denied.  Playtex's motion for summary judgment dismissing P&G's claim is granted.

Dated:  August 7, 2008
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of record:*

Harold P. Weinberger, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036
*Counsel for Plaintiff*

Matthew Lehr, Esq.
Davis Polk & Wardwell
1600 El Camino Real
Menlo, CA 94025
*Counsel for Defendant*